**STATE of Iowa, Appellee,**

v.

**Irvin JOHNSON, Appellant.**

**No. 56403.**

Supreme Court of Iowa.

April 24, 1974.

R. Fred Dumbaugh and Guy P. Booth, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Stephen T. Moore, Asst. Atty. Gen., and David J. Dutton, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

REES, Justice.

This is an appeal by Irvin Johnson from conviction of the crime of carrying a concealed weapon in violation of section 695.2, The Code, 1971, and a sentence to imprisonment in the state penitentiary at Fort Madison for a term not to exceed five years, to be served consecutively with sentences arising out of convictions on companion charges. Defendant asserts that trial court erred in proceeding to trial in this action after prior dismissal of an identical charge alleging the same offense, said dismissal having been predicated upon violation of defendant's constitutional rights to a speedy trial, as embodied in section 795.2, The Code. We agree with defendant's assignment of error, reverse defendant's conviction, vacate the sentence, and remand for dismissal of this charge.

Defendant was arrested on December 7, 1971 and by county attorney's information filed December 8, 1971 charged with the crime of carrying a concealed weapon in violation of section 695.2, The Code. He initially demurred to the information but later entered a plea of not guilty, along with a formal demand for a speedy trial. On February 22, 1972 defendant moved to dismiss for failure to provide a speedy trial pursuant to section 795.2. Dismissal of the charge was ordered on May 15, 1972, although not based upon or in response to defendant's 795.2 motion.

The same case was reinstated on May 24, 1972. Defendant again pleaded not guilty and demanded a speedy trial. On June 5, 1972 a second motion to dismiss for failure to provide speedy trial within the statutory 60-day limit was filed, and upon subsequent hearing before the court, was sustained. Thus, the case was dismissed on October 6, 1972, pursuant to the provisions of section 795.2, The Code.

On October 18, 1972 the county attorney filed a new information under a new docket number, again charging defendant with the crime of carrying a concealed weapon in violation of section 695.2 arising out of the same set of facts as the earlier charges. Defendant entered a plea of not guilty, and demanded a speedy trial. He later moved to dismiss claiming former acquittal, but the court refused to dismiss the charge on that basis, and proceeded with trial on December 11, 1972.

A renewed motion to dismiss dictated into the record by defendant's counsel at the close of all evidence was overruled by the court, despite the State's stipulation during trial that "this cause was previously dismissed by the court and subsequently refiled by True Information approved by [the] Court. * * *"

The jury returned a verdict of guilty on the charge and defendant was sentenced by the court as stated above.

Defendant presents a compound assignment of error, revolving around the effect of a dismissal pursuant to section 795.2, The Code, and the applicability of the reinstatement provisions of section 795.5, The Code, to dismissals under section 795.2. Although this court has previously had occasion to discuss these issues in relation to failure to provide a speedy indictment, per § 795.1, State v. Gebhart, 257 Iowa 843, 134 N.W.2d 906, recent developments in this court and other judicial realms necessitate a reconsideration of our position on these questions.

■ I. Upon review of the record in the case at bar, we find defendant has properly preserved his assigned questions for presentation to this court. He repeatedly made his demands for speedy trial in timely fashion, consistent with pre-*Gorham* standards [State v. Gorham, 206 N.W.2d 908 (Iowa 1973)]. The second dismissal, on October 6, 1972 was explicitly stated by trial court to be based on section 795.2, The Code, in response to defendant's mo-

tion to dismiss for failure to provide a speedy trial. In view of the filing of the identical charge on October 18, 1972 and defendant's subsequent conviction and sentence thereunder, the issue is properly framed as to the effect of that dismissal and the propriety of the refiling.

II. In State v. Gorham, *supra,* we upheld the viability of section 795.2 as a statutory enactment, given the construction therein imposed as to the modification of the demand-waiver rule in relation to a defendant's right to speedy trial. We also indicated an approval of the rationale of Barker v. Wingo, 407 U.S. 514 at 522, 92 S.Ct. 2182 at 2188, 33 L.Ed.2d 101 (1972) and ABA Standards Relating to Speedy Trial, § 4.1 and commentary at 40–41 (Approved Draft, 1968). The United States Supreme Court, in Barker v. Wingo, *supra,* alluded to the remedy of dismissal for denial of a speedy trial, stating at 522 of 407 U.S., 2188 of 92 S.Ct.:

"The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but *it is the only possible remedy.*" (Emphasis added).

See also State v. Bowers, 162 N.W.2d 484, 487 (Iowa 1968).

■ We also indicated a reliance upon the ABA Standards Relating to Speedy Trial, § 4.1 (Approved Draft, 1968):

"4.1 Absolute discharge.

"If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the consequence should be absolute discharge. Such discharge should forever bar prosecution for the offense charged

and for any other offense required to be joined with that offense. * * *"

We are persuaded that the reasoning behind such a principle is sound. As stated in Strunk v. United States, 412 U.S. 434, 438, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56 (1973):

"By definition * * * [denial of the right to speedy trial] is unlike some of the other guarantees of the Sixth Amendment. For example, failure to afford a public trial, an impartial jury, notice of charges, or compulsory service can ordinarily be cured by providing those guaranteed rights in a new trial. The speedy trial guarantee recognizes that a prolonged delay may subject the accused to an emotional stress that can be presumed to result in the ordinary person from uncertainties in the prospect of facing public trial or of receiving a sentence longer than, or consecutive to, the one he is presently serving—uncertainties that a prompt trial removes. Smith v. Hooey, 393 U.S. 374, at 379, 89 S.Ct. 575, at 577, 578, 21 L.Ed.2d 607; United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627."

If the State is free to commence repeated prosecutions for the same offense following undue delay in going to trial, subject only to the running of the statute of limitations, there is nothing to deter delays at prosecution's convenience in pushing forward to trial, and defendant's constitutional right to a speedy trial is rendered largely meaningless. Hilbert v. Dooling, 2 Cir., 476 F.2d 355, 358 (1973); ABA Standards, Speedy Trial, *supra,* commentary at pp. 40–41.

The time has come for this court to state expressly what we implied in State v. Gorham, *supra.* We find that a dismissal pursuant to section 795.2, The Code, for failure to provide a speedy trial shall be an absolute dismissal, a discharge with prejudice, prohibiting reinstatement or refiling of an information or indictment charging the same offense. Strunk v. United States,

*supra;* Barker v. Wingo, *supra;* Hilbert v. Dooling, *supra.* See generally, Anno. 50 A.L.R.2d 943, 21 Am.Jur.2d, Criminal Law § 256, p. 295, 23 Drake Law Review 55, 115–116 (1973); 22 Drake Law Review 266, 290 (1973).

III. Section 795.5, The Code, provides that dismissal of a criminal prosecution on motion of the State or of the court, *sua sponte,* shall not bar another prosecution for the same offense if the offense charged be a felony.

This statute is silent as to dismissal upon motion of defendant, as often occurs under section 795.2. Nor does section 795.2 incorporate any similar reprosecution language. We have said previously that express mention of one thing implies exclusion of others. State v. Binkley, 201 N. W.2d 917, 919–920 (Iowa 1972); In re Estate of Waddington, 201 N.W.2d 77, 78–79 (Iowa 1972); North Iowa Steel Co. v. Staley, 253 Iowa 355, 357, 112 N.W.2d 364, 365. Express mention of the possibility of reprosecution in section 795.5 for dismissal on motion of the State or court may imply exclusion of the possibility of reprosecution following dismissal on defendant's motion under section 795.2. 22 Drake Law Review 266, 290 (1973).

Of stronger import, though, is our effort to give effect to the true intent of section 795.2. Application of the reprosecution language of section 795.5 to any dismissal under section 795.2 would drain that statutory enactment of its force and effectiveness in protecting the accused's right to a speedy trial. To the extent we have said these two sections must be read together, State v. Gebhart, *supra,* we withdraw from that position.

We now hold specifically that section 795.5 is not applicable to dismissals under section 795.2 based on denial of a speedy trial.

This does not derogate the viability of section 795.5 as authorization for dismissal without prejudice and later reprosecution,

within the statute of limitations, in situations involving other than denial of a speedy trial, such as facilitating the State in gathering evidence, procuring witnesses, or plea bargaining.

■ IV. Given our holding that dismissal under section 795.2 is to be absolute, we find that trial court erred in allowing the State to file charges on the same offense on October 18, 1972, after dismissing on October 6, 1972 the earlier information in response to defendant's motion to dismiss for lack of speedy trial. Discussion of defendant's other assigned errors is unnecessary, for we reverse defendant's conviction, vacate the sentence on the charged offense, and remand for dismissal of the information against him on the same.

Reversed and remanded.