**STATE of Iowa, Appellee,**

v.

**Jon Paul FISHER, Appellant.**

No. 83–682.

Supreme Court of Iowa.

July 18, 1984.

Charles L. Harrington, Appellate Defender, and Lu Ann White, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Valencia Voyd McCown, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON, and CARTER, JJ.

LARSON, Justice.

The sole issue raised in this appeal is whether the defendant was denied his statutory right to speedy trial under Iowa Rule of Criminal Procedure 27(2)(b) (trial must be held within 90 days of indictment) or rule 27(2)(c) (trial must be held within one year of defendant's "initial arraignment"). The district court denied the defendant's motion to dismiss and, following trial to the court, the defendant was convicted. We affirm.

The defendant initially relied on both his constitutional and statutory speedy-trial rights. He has abandoned his constitutional challenge on appeal, however, and we address only the issues surrounding interpretation of the rules of criminal procedure.

The facts are not in dispute. On October 22, 1981, the defendant was charged in a two-count information with second-degree burglary, Iowa Code §§ 713.1, .3. He was arraigned on October 27, 1981, and entered a plea of not guilty. He refused to waive his right to a speedy trial. Trial was set for January 4, 1982.

On December 29, 1981, the State moved to dismiss the information pursuant to Iowa Rule of Criminal Procedure 27(1), stating in part:

1. That trial in this matter is set for January 4, 1982.

2. Defendant has demanded speedy trial and the last day for that trial would be January 20, 1982.

3. That much of the evidence against the defendant cannot be developed or used within that time period.

4. That without the other evidence, it is unlikely that a conviction could be had in this matter.

5. That a dismissal at this time would leave twenty-three days in which to set trial if the charge is refiled.

6. That dismissal at this time would be in the interest of justice.

The court on the same day as the motion was filed entered its order dismissing the case "for the reasons stated in the [State's] Motion to Dismiss." The record does not show whether defense counsel participated in the hearing on the State's motion to dismiss but, judging by the timing of the motion and order, we assume he did not. The motion and order merely show copies being sent to defense counsel.

On October 1, 1982, nearly a year after the original information was filed, the State filed an "amended information" charging the same offenses which had been the subject of the first information. The State argues that its voluntary dismissal under rule 27(1) permitted the speedy-trial clock to begin anew upon filing of the new information. The defendant argues that voluntary dismissal had actually been based upon the State's failure to accord the defendant his statutory speedy-trial rights and in effect was a dismissal under rule 27(2)(b). Under the authority of *State v. Johnson*, 217 N.W.2d 609, 612 (Iowa 1974), the dismissal must therefore be with prejudice, according to the defendant's argument.

Rule of Criminal Procedure 27(1) provides:

> The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, the reasons therefore being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

 I. As we have noted, the defendant contends the State's dismissal under rule 27(1) was based upon its inability to abide by the ninety-day time limit of rule 27(2)(b) as acknowledged in its motion to dismiss, and therefore was in reality a dismissal based upon failure to provide a

speedy trial. This is important to the defendant's case because a dismissal "in the furtherance of justice" allows for refiling of any charges stemming from felonies or aggravated misdemeanors. Iowa R.Crim.P. 27(1). While the district court has discretion on the question of dismissals in "the furtherance of justice," once such a dismissal is ordered, the court has no discretion to bar future prosecutions. *See* Iowa R.Crim.P. 27(1); *State v. Iverson,* 272 N.W.2d 1, 3 (Iowa 1978). On the other hand, if the dismissal is a "speedy trial" dismissal under rule 27(2), it is with prejudice. *See State v. Moritz,* 293 N.W.2d 235, 238 (Iowa 1980); *Johnson,* 217 N.W.2d at 612–13.

■ The defendant's view does not find support in the wording of the rule itself. Two features of the rule are apparent: (1) it may only be invoked by the court on its own motion or by the prosecuting attorney; it is not available to a defendant; and (2) the only ground for dismissal under this rule is "furtherance of justice." Thus, on the face of rule 27(1), it is obviously not a speedy-trial rule.

■ Under *Moritz,* two factors must exist in order to apply the *Johnson* rule precluding refiling of the charges: (1) the charge originally dismissed must have been dismissed for speedy-trial reasons, not in the "furtherance of justice"; and (2) the second charge must be for the same offense as originally charged. *Moritz,* 293 N.W.2d at 238.

■ While the second requirement under *Moritz,* identity of charges, was met here, the first one was not. The dismissal under rule 27(1) was in the furtherance of justice, not for the denial of a speedy trial and did not preclude refiling of the charges.

■ Although it is true, as defendant argues, the State had asserted in its motion to dismiss that "much of the evidence against the defendant cannot be developed or used within [the ninety-day] period," we do not believe that makes the resulting dismissal one based upon denial of a speedy trial. The motion for dismissal also said it was a dismissal sought in the furtherance of justice. The latter is the only ground upon which rule 27(1) permits dismissal, and we will not assume the court dismissed the case on a ground not provided by the rule. The merits of this dismissal are not before us.

■ We have said that "furtherance of justice" under rule 27(1) includes "facilitating the State in gathering evidence, procuring witnesses, or plea bargaining." *Johnson,* 217 N.W.2d at 612–13. Such a need was asserted in the State's motion to dismiss.

■ The new charges filed October 1, 1982, started the ninety-day period anew, despite the fact they were identical to those originally dismissed. Trial was held within the ninety-day period based upon the second filing of the information and was therefore timely under rule 27(2)(b). The district court properly denied the motion to dismiss on that ground.

II. The defendant argues in the alternative that, even if the State could properly refile the charges, he was denied a speedy trial because he was not tried within a year as required by rule 27(2)(c). That rule provides:

All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to R.Cr.P. 8 unless an extension is granted by the court, upon a showing of good cause.

The State does not rely upon a showing of good cause (although it suggests a remand to develop the record on that point if it is unsuccessful on its interpretation arguments).

This argument turns on the meaning of "initial arraignment"; if it means the arraignment under the first information, the charges must be dismissed (absent waiver or a finding of good cause); if it refers to the arraignment under the refiled charge, the trial was timely.

■ We conclude the one-year limitation in rule 27(2)(c) is triggered by the arraign-

ment under the charge for which the defendant actually stood trial, not by his arraignment under the earlier charge, despite the fact they were based on the same facts and the same crimes were alleged. Dismissal of the original information concluded the proceedings in that case.

Unfortunately, our speedy-trial rules often leave room for arguments over their interpretation and application. On occasion we have had to engraft court rules on them to deal with cases not covered. In *State v. Eichorn*, 325 N.W.2d 95, 96–97 (Iowa 1982), for example, we held that time of "arrest" on rule 27(2)(a) for a defendant already incarcerated was the time of filing of the new charge. In *State v. Zaehringer*, 306 N.W.2d 792, 794–95 (Iowa 1981), we adopted a court rule that ninety-day period of rule 27(2)(b), ordinarily triggered by indictment, would in the case of a mistrial or remand, begin with the orders for mistrial or remand. And, in *State v. Hamilton*, 309 N.W.2d 471, 475–76 (Iowa 1981), we adopted a rule that the ninety-day period began to run from the date a defendant withdraws his waiver of speedy trial.

In this case, however, we believe the language of 27(1) is clear and a dismissal under it starts the proceedings anew for speedy-trial purposes (subject, of course, to statutes of limitation and defenses based upon constitutional grounds or claims such as vexation, abuse, or prejudice), and a court rule is unnecessary.

The provision of the rule that the dismissal shall not be a bar to future prosecution means also that it shall not be a *partial* bar, which would be the effect of tying the speedy-trial time limits to an earlier charge, one which is not presently being prosecuted, even though the charges are identical and arose out of the same facts. Cf. *State v. Burton*, 231 N.W.2d 577, 578 (Iowa 1975) (robbery charge filed after dismissal of burglary charge not tied to speedy-trial times of earlier charge notwithstanding fact they arose out of same facts). *See generally* Annot., Speedy Trial—Reindictment, 30 A.L.R.2d 462 (1953); and Later Case Service (1981).

The defendant here makes no claim that the dismissal and refiling were vexatious or that he was prejudiced by these actions. Nor has he shown these actions constituted an attempt to end-run our speedy-trial rules. Under the record in this case we conclude the court properly denied the motion to dismiss.

AFFIRMED.