**STATE of Iowa, Appellee,**

v.

**Dale Eugene GANSZ, Appellant.**

**No. 86–591.**

Supreme Court of Iowa.

April 15, 1987.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., William E. Davis, Co. Atty., and Realff Ottesen, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, WOLLE, and LAVORATO, JJ.

CARTER, Justice.

Defendant, Dale Eugene Gansz, was convicted of perjury on June 26, 1984. That conviction was reversed in *State v. Gansz*, 376 N.W.2d 887 (Iowa 1985), and proceedendo mandating retrial was issued on December 4, 1985. The basis for reversal of the prior conviction was that the jury was permitted to consider allegedly false testimony given at a time beyond the applicable statute of limitations.

In an apparent attempt to avoid the statute of limitations problems posed by the first trial, the prosecutor, on January 7, 1986, filed a new trial information under a different docket number. The new information charged the defendant with two counts of perjury, one of which embraced the same transactions presented in the original charge. On February 4, 1986, the trial court granted the State's motion to dismiss the original information based upon the State's affirmation that the crime previously charged was in fact two separate crimes, and the State now wished to proceed in separate counts.

The case was tentatively assigned for trial on March 17, 1986. That assignment occurred prior to defendant's arraignment on the newly filed information. Defendant was arraigned on the second information on January 15, 1986. At this time, the trial court took up the matter of whether the case was assigned for trial within the time required to satisfy defendant's speedy trial rights. At this point, the following colloquy occurred:

MR. HINES [defendant's attorney]: We'll waive the reading, Your Honor. We've received the Minutes and the Trial Information. We've also received the Rule 13(2)(a) Discovery Statement. Mr. Gansz is charged with his true and correct name. We will not execute a speedy trial waiver and enter a plea of not guilty to both counts.

THE COURT: What's the speedy trial expiration date?

MS. DAVIS [Assistant County Attorney]: It will be—

MR. HINES: It was filed on the 7th.

MS. DAVIS: I'm trying to think. It would have been whatever the—It would be the week after the enrolled order date set for trial. Anyway, should have an enrolled trial date set on the order.

THE COURT: The 17th of March. The 24th of March.

MS. DAVIS: Yes.

THE COURT: The Court has entered an enrolled order fixing various cut-off dates, copies of which are made available to the defendant, his attorney, and counsel for the State.

MR. HINES: Thank you, Your Honor.

On March 14, 1986, three days before the time the case had been set for trial and one hundred days after the issuance of the procedendo, the defendant moved to dismiss that count of the second information which embraced the original perjury charge.

The motion to dismiss was grounded on the State's failure to retry defendant within ninety days of the issuance of procedendo following the appeal of the first trial, as required by *State v. Zaehringer*, 306 N.W.2d 792 (Iowa 1981). The motion was denied by the trial court. Upon trial of the two-count information, the defendant obtained a directed verdict of acquittal on one count but was convicted on the count which paralleled the original perjury charge.

■ The defendant contends on this appeal that the State's failure to retry him within ninety days of the issuance of procedendo from the appeal of his first trial violated his statutory right to a speedy retrial. The State urges that, based on our holding in *State v. Fisher*, 351 N.W.2d 798, 802 (Iowa 1984), the ninety-day period begins anew upon the filing of a new or substituted information. The State contends that *Fisher*, 351 N.W.2d at 801, dictates that once a case is ordered dismissed "in the furtherance of justice" the court has no discretion to bar future prosecutions.

We believe the State's argument misinterprets our holdings in *Fisher* and in *State v. Moritz*, 293 N.W.2d 235, 238 (Iowa 1980). The State reads these cases as holding that, unless a prior dismissal order expressly provides that it is based upon failure to accord the defendant's statutory speedy trial right, it is without prejudice to a subsequent prosecution. We believe that *State v. Johnson*, 217 N.W.2d 609, 612 (Iowa 1974), upon which *Moritz* and *Fisher* relied, recognized that, if it could be demonstrated that the prior dismissal, regardless of its stated purpose, was without adequate cause and that it impacted unfavorably upon a defendant's speedy trial rights, the resulting delay in prosecution would warrant a dismissal on speedy trial grounds. Any other interpretation of *Johnson*, *Moritz*, and *Fisher* would permit the State to employ dismissals under Iowa Rule of Criminal Procedure 27(1) in a manner which would thwart the defendant's speedy trial rights under rule 27(2).

■ Unfortunately for defendant, on the facts of the present case this interpretation does not require a reversal of the conviction. It is clear from the record that the district court was led to believe defendant's speedy trial rights could properly be measured from the date of the filing of the new information. The defendant was present, was aware of the assumption under which the district court was assigning the case for trial, and acquiesced in that date without bothering to advise the court that he believed his speedy trial rights were properly to be measured from the date of the procedendo. It was within this framework that the district court, in an earnest attempt to satisfy defendant's speedy trial rights, assigned the case for trial thirteen days beyond the time that defendant now claims the period allowed for retrial expired.

We hold that under the circumstances the defendant clearly acquiesced in the trial date selected by the district court and may not now claim that it was in contravention of his statutory speedy trial rights. We have considered all issues presented and find no basis for reversing defendant's conviction.

AFFIRMED.