STATE of Iowa, Appellee,

v.

Donald Leroy HENDERSON, Appellant.

No. 94–1107.

Supreme Court of Iowa.

Sept. 20, 1995.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, J. Patrick White, County Attorney, and Janet Lyness, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Donald Leroy Henderson appeals his conviction and sentence on domestic abuse assault causing bodily injury. *See* Iowa Code §§ 708.2(2), 708.2A(2)(b) (1993). He claims the trial court should have dismissed this case because it was the second time the State prosecuted Henderson for the same crime. Henderson thinks the State's dismissal of the first prosecution bars the second prosecution under Iowa Rule of Criminal Procedure 27(1). We conclude the trial court was cor-

rect in refusing to dismiss the second prosecution and so affirm.

### I. *Background Facts and Proceedings.*

On July 13, 1993, Henderson was charged with domestic assault causing injury—second offense, an aggravated misdemeanor. *See* Iowa Code § 708.2A(3)(b) (1993). The State relied on a 1991 assault conviction to support the 1993 charge as a second offense domestic assault. *See id.* (certain second offense domestic assaults are aggravated misdemeanors rather than serious misdemeanors). In October 1993, the State filed a motion to dismiss the second offense domestic abuse charge because it was having difficulty serving a subpoena on the victim. The district court then dismissed the case "in the interests of justice."

On December 1, 1993, the State refiled the charge by trial information. Henderson pled not guilty and filed a motion to dismiss. Henderson claimed that the charge was barred by rule 27(1). He argued that rule 27(1) bars prosecution for an offense after a prior dismissal, unless the offense charged is a felony or an aggravated misdemeanor. Henderson asserted that he should have been charged with a serious misdemeanor because the State lacked any factual basis to support an aggravated misdemeanor charge. He claimed that his 1991 conviction could not be used to enhance the alleged assault to an aggravated misdemeanor because it was not for domestic assault nor was it based upon a guilty plea entered with the benefit of legal representation. The district court overruled this motion as it provided no "basis on which relief could be granted."

Subsequently, a jury convicted Henderson of domestic assault causing injury. Henderson filed a motion in arrest of judgment making the same arguments he raised in his motion to dismiss. The trial court held a hearing to consider this motion and to decide whether the 1991 conviction should enhance the present charge. After listening to the evidence, the court held that the State failed to prove that the prior conviction could be used for enhancement purposes. Nevertheless, the court found that the State had filed the aggravated misdemeanor charge in

good faith. Consequently, the court overruled Henderson's motion in arrest of judgment and proceeded with sentencing on the serious misdemeanor conviction. Henderson appealed.

### II. *Timeliness of Motion to Dismiss.*

The State initially argues that Henderson's motion to dismiss was not timely and therefore, he waived any issues raised in his motion. Henderson seeks to avoid the impact of any waiver by arguing that his trial counsel was ineffective, as counsel failed to file a timely motion to dismiss. We need not decide whether the State is correct that Henderson was required to raise his defense in a pretrial motion to dismiss, because even if we assume that Henderson was required to raise his defense in a pretrial motion and that his counsel failed to file such a motion in a timely manner, Henderson cannot prevail.

■ To obtain relief on a claim of ineffective assistance of counsel, Henderson must prove that his attorney's performance fell outside the normal range of competency and that he was so prejudiced by this deficient performance that it is reasonably probable that the result of the proceeding would have been different but for counsel's errors. *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). We conclude that Henderson cannot meet the second prong of his burden. As we discuss below, the trial court correctly overruled Henderson's motion to dismiss and his subsequent motion to arrest judgment on the merits. Therefore, Henderson was not prejudiced by the error of his trial counsel, if any, in the procedure used to assert the defense upon which Henderson now relies.

### III. *Rule 27(1).*

Iowa Rule of Criminal Procedure 27(1) provides the controlling principle:

The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution.... Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but

it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

Henderson claims that this rule bars his second prosecution for domestic assault causing injury because the first prosecution was not dismissed "in the furtherance of justice" and because there was no factual basis to charge the offense as an aggravated misdemeanor. We address each contention separately.

### IV. Basis for Dismissal of First Prosecution.

A. *Defendant's argument.* Henderson's first argument on appeal concerns the basis for the dismissal of the initial prosecution. Henderson asserts that the dismissal of the first prosecution was not "in the furtherance of justice" as required by rule 27(1), but was an attempt to avoid rule 27(2)'s speedy trial requirement. Therefore, he argues, reprosecution is barred. *See State v. Gansz,* 403 N.W.2d 778, 780 (Iowa 1987) (if prior dismissal was without adequate cause and had a negative effect upon a defendant's speedy trial rights, the second prosecution must be dismissed); *State v. Fisher,* 351 N.W.2d 798, 801 (Iowa 1984) (dismissal for speedy trial reasons under rule 27(2) is with prejudice).

B. *Standard of review.* Our review of whether a dismissal was "in the furtherance of justice" under rule 27(1) is for an abuse of discretion. *State v. Knox,* 464 N.W.2d 445, 446 (Iowa 1990); *see Fisher,* 351 N.W.2d at 801 ("district court has discretion on the question of dismissals in 'the furtherance of justice'"). "We will not find an abuse of discretion unless the defendant shows that the trial court's discretion was exercised on grounds clearly untenable or clearly unreasonable." *Knox,* 464 N.W.2d at 446. Thus, we initially focus on whether the district court abused its discretion in dismissing the first prosecution "in the furtherance of justice."

If we conclude that the court did not abuse its discretion in ordering the dismissal of the first prosecution under rule 27(1), then the district court had no discretion whether to allow the second prosecution. *Fisher,* 351 N.W.2d at 801. Provided the other require-

ments of rule 27(1) were met, reprosecution had to be allowed.

C. *Discussion.* The record shows that the first charge was dismissed because the State had difficulty in serving the victim of Henderson's assault. We have said that "furtherance of justice" under rule 27(1) includes "facilitating the State in gathering evidence, procuring witnesses, or plea bargaining." *State v. Johnson,* 217 N.W.2d 609, 612–13 (Iowa 1974); *accord Fisher,* 351 N.W.2d at 801. Thus, the district court did not abuse its discretion in dismissing the first prosecution in the furtherance of justice. Consequently, the district court correctly refused to dismiss the second prosecution, provided the offense is a felony or an aggravated misdemeanor.

### V. The Nature of the Offense Charged.

A. *Defendant's argument.* Henderson's second challenge is that the charges in the first and second prosecutions should have been serious misdemeanors rather than aggravated misdemeanors. He points out that rule 27(1) only allows charges stemming from felonies and aggravated misdemeanors to be refiled. *Fisher,* 351 N.W.2d at 801. He contends the State should have known that it could not prove an enhancing offense and therefore, it filed the aggravated misdemeanor charges in bad faith.

B. *Standard of review.* Our review of the trial court's refusal to dismiss the second prosecution based on the nature of the offenses charged is for errors of law. This standard results from two principles: (1) rule 27(1) allows aggravated misdemeanor charges to be refiled; and (2) the trial court has no discretion to bar future prosecutions on such charges. *Fisher,* 351 N.W.2d at 801. The trial court's findings of fact bind us on appeal if they are supported by substantial evidence. *State v. Finn,* 469 N.W.2d 692, 693 (Iowa 1991).

C. *Discussion.* The offenses charged in the first and second prosecutions were domestic assault causing injury—second offense. Assault causing bodily injury is normally a serious misdemeanor. *See* Iowa Code § 708.2(2) (1993). However, when it is

a second offense domestic assault, it becomes an aggravated misdemeanor. *Id.* § 708.2A(3). Rule 27(1) permits the dismissal and the reprosecution of aggravated misdemeanors.

Nevertheless, Henderson argues that the State must successfully prove before trial that the prior conviction qualifies as an enhancing prior offense under section 708.2A(3). If the State cannot prove the enhancing conviction, then, Henderson contends, the court should apply rule 27(1) as if the offense charged was a first offense domestic assault—a serious misdemeanor. We reject this argument for two reasons.

First, rule 27(1) requires that the offense *charged* be an aggravated misdemeanor. To require that the first conviction ultimately support an enhanced second-offense *conviction* is contrary to the language of rule 27(1). The rule focuses on the crime charged, not the crime eventually proved. We will not change the terms of a statute; we apply the statute as written by the legislature. *State v. Byers,* 456 N.W.2d 917, 919 (Iowa 1990). Therefore, we hold that rule 27(1) requires that Henderson be charged, not convicted, of an aggravated misdemeanor.

Second, we think the trial court's standard was effective in protecting the defendant from abusive tactics by the State. The district court reviewed the evidence submitted by the parties and found that the State had filed the aggravated misdemeanor charge in good faith. This procedure will protect a defendant when the State files inflated charges merely to avoid the potential bar resulting from a prior dismissal.

Based on our construction of rule 27(1), we must reject Henderson's assertion that the test is whether the State can successfully convince the court that the prior offense can be used to enhance the current conviction.[1] Instead, we look only to whether there is substantial evidence to support the trial court's factual finding that the aggravated misdemeanor charge was filed in

good faith. Good faith exists when the county attorney has made a reasonable inquiry into both the facts and the law before filing the trial information. *Cf. Schettler v. Iowa Dist. Ct.,* 509 N.W.2d 459, 465–66 (Iowa 1993) (applying similar standard in considering sanctions under Iowa Rule of Civil Procedure 80(a) for the improper filing of a motion or pleading in a civil case); *Mathias v. Glandon,* 448 N.W.2d 443, 445 (Iowa 1989) (same).

Upon our review of the record made at the enhancement hearing, we conclude there is substantial evidence to support the district court's finding that the charge brought against Henderson was filed in good faith. The county attorney made a reasonable inquiry into the nature and circumstances of the 1991 conviction and discovered information that would lead a reasonable person to believe that facts existed to support the current charge as an aggravated misdemeanor. Therefore, the district court did not err in concluding that the charge was properly refiled under rule 27(1) and could not be dismissed.

**AFFIRMED.**

---

1. Because the court here refused to enhance Henderson's conviction, a decision the State does not contest on appeal, we need not consider whether the 1991 conviction could have been used to enhance the current charge.