**STATE of Iowa, Appellee,**

v.

**Chad A. HAMRICK, Appellant.**

No. 97–2179.

Supreme Court of Iowa.

June 3, 1999.

Matthew S. Sheeley of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, and Barbara Edmondson, County Attorney, for appellee.

SNELL, Justice.

We have taken discretionary review of this case pursuant to Iowa Code section 814.6(2)(e) (1997). Defendant, Chad A. Hamrick, challenges the State's alleged breach of a plea agreement and its filing of additional charges. To the extent the defendant's claims raise constitutional issues, our review is de novo. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994).

I. Background Facts and Proceedings

On September 15, 1995, the Washington County Attorney filed charges against the defendant of false imprisonment, harassment, and assault. On October 24, 1996, the State dismissed all the pending charges against Hamrick pursuant to a plea agreement into which the parties had entered. That plea agreement, among other things, required Hamrick to (1) plead guilty to simple misdemeanor charges of harassment and assault; (2) serve twenty days in jail and pay a $100 fine; (3) participate in a sixteen-week batterers' education class; and (4) enter the United States Army for a minimum of four years. The agreement further required Hamrick to plead guilty to the false imprisonment charge; however, the State agreed to defer its prosecution as long as Hamrick complied with the armed service requirement. That agreement stated:

As part of this agreement the Defendant must enter the U.S. Army or other full-time military service and serve a term of active duty of at least four years. For whatever possible reasons, whether within his control or outside his control, if Defendant is unable to enter the U.S. military within five months of the State's dismissal of Count III of the Trial Information, the same shall be a breach of his obligations under this agreement, and shall be grounds for the State to proceed to refile the charge contained in Count III and to file Defendant's written guilty plea. . . .

Count III was the charge of false imprisonment.

No branch of the armed services was willing to take Hamrick, though, because of his participation in the batterers' education program. Apparently, the services would not accept any individual with a history of domestic abuse, which they interpreted the batterers' education classes as signifying.

Based on Hamrick's failure to enter military service and consequential breach of the plea agreement, the State filed a second information charging him with false imprisonment. It subsequently dismissed the charge pursuant to Iowa Rule of Criminal Procedure 27(1).

Then, on August 1, 1997, the State filed a third information against Hamrick charging him with third-degree felony kidnaping in violation of Iowa Code sections 710.1 and 710.4. The new heightened charge was based on the same facts as the previous false imprisonment charges.

The defendant moved to dismiss the kidnaping charge arguing that it violated the prohibition against double jeopardy because the previous dismissals of the false imprisonment charge constituted acquittals of a lesser-included offense. He also maintained that the plea agreement violated his due process rights because the State imposed an impossible condition, *i.e.*, entry

into the military by an individual who has attended the batterers' education program.

The court denied the motion to dismiss finding that, for purposes of double jeopardy, kidnaping and false imprisonment were separate and distinct crimes. Following this ruling, the defendant filed an application for discretionary review which we granted.

In his appeal, Hamrick asserts the kidnaping prosecution offends double jeopardy under the United States and Iowa Constitutions and Iowa Code sections 816.1 and 816.2. He further contends the kidnaping charge is vindictive and a violation of his due process rights under both the United States and Iowa Constitutions.

## II. Chronology

The plea agreement at issue here was entered into by the defendant and the county attorney for the State on February 6, 1996. The State, apparently relying on the efficacy of the plea agreement that defendant would enter the army, moved to dismiss all charges on October 24, 1996, in the interest of justice. The court entered its order the same day dismissing all counts. When the county attorney learned of the failure of the plea agreement, a new charge of false imprisonment was filed on June 27, 1997. On being advised by an assistant attorney general that Iowa Rule of Criminal Procedure 27(1) might bar the prosecution of the false imprisonment charges, the county attorney moved to dismiss the charge. Noting the dismissal as occurring under Iowa Rule of Criminal Procedure 27(1), the court dismissed the charge "in the furtherance of justice."

Iowa Rule of Criminal Procedure 27(1) provides:

The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, the reasons therefore being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

Subsequently, a new charge alleging third-degree kidnaping was filed.

## III. Analysis

■ We have previously ruled on the effect of dismissal under rule 27(1). In *State v. Fisher*, 351 N.W.2d 798, 801 (Iowa 1984), we held the State was not precluded from refiling previously dismissed charges when the dismissal had been in the furtherance of justice and not to avoid the bar of the speedy trial rule. The "furtherance of justice" includes " 'facilitating the State in gathering evidence, procuring witnesses, or plea bargaining.' " *Fisher*, 351 N.W.2d at 801 (quoting *State v. Johnson*, 217 N.W.2d 609, 612–13 (Iowa 1974)).[1]

■ Although we are not concerned in the instant case with the speedy trial rule, the analysis in *Fisher* of rule 27(1) provides the appropriate framework for addressing the issues raised and now considered. Each of the two dismissals of the false imprisonment charge was done, on application of the county attorney, "in the furtherance of justice." The State dismissed the first charge on its belief that the terms of the plea agreement would be

---

1. This language from *Fisher* has been clarified and narrowed by *State v. Gansz*, 403 N.W.2d 778, 780 (Iowa 1987). There we recognized that the State could not merely allege that a dismissal was in the "furtherance of justice" and be assured that it could later refile its charges. If it can be demonstrated that a prior dismissal, regardless of its stated purpose, was without adequate cause and that it impacted unfavorably upon a defendant's speedy trial rights, the resulting delay in prosecution warrants a dismissal on speedy trial grounds. *Gansz*, 403 N.W.2d at 780; *see also State v. Florie*, 411 N.W.2d 689, 692 (Iowa 1987) ("State should not be accorded an unfettered avenue of escape from a statutory speedy trial predicament engendered by its own mishandling of a criminal case.").

fulfilled. The reason for the second dismissal was the failure of the plea agreement, the language of which was plain and unambiguous. It provides that a breach occurs if the defendant does not enter the army within five months of the dismissal of the false imprisonment charge, "for whatever possible reasons" and "whether within his control or outside his control." This language excludes any exception based on the army's election not to accept the defendant in the army.

We conclude that when the plea agreement failed, the State was free under rule 27(1) to file the new charge of third-degree kidnaping because this felony charge was not the "same offense" as the previously dismissed false imprisonment charge. *See* Iowa R.Crim.P. 27(1). In fact, rule 27(1) would not have posed an obstacle to the State's attempt to reinstate the original *misdemeanor charge* since the State was entitled to be returned to its original position upon the defendant's failure to perform the plea agreement. *See State v. Foy*, 574 N.W.2d 337, 339 (Iowa 1998) ("If a defendant fails to uphold his or her end of the agreement, the State has no obligation to provide the defendant the anticipated benefits of the bargain.").

## IV. Claims of Abuse by the State

Defendant makes further claims of being subjected to double jeopardy and vindictive prosecution. The language of rule 27(1) itself belies the double jeopardy argument by stating that a dismissal in the furtherance of justice is not a bar to prosecution of an offense charged as a felony or aggravated misdemeanor. *See State v. Sefcheck*, 261 Iowa 1159, 1167, 157 N.W.2d 128, 133 (1968) (prosecution of previously dismissed felony offense does not constitute double jeopardy).

In *State v. Henderson*, 537 N.W.2d 763, 767 (Iowa 1995), we approved of the application of a good faith standard to these questions. In *Henderson* we found:

[T]he trial court's standard was effective in protecting the defendant from abusive tactics by the State. The district court reviewed the evidence submitted by the parties and found that the State had filed the ... charge in good faith. This procedure will protect a defendant when the state files inflated charges merely to avoid the potential bar resulting from a prior dismissal.

*Henderson*, 537 N.W.2d at 767.

■ We look to whether there is substantial evidence to support the trial court's factual finding that the charge was filed in good faith. *Id.* Good faith exists when the county attorney has made a reasonable inquiry into both the facts and the law before filing the trial information. *Id.*

In the instant case, the county attorney stated that in reviewing the facts and circumstances of the case, the charge of kidnaping rather than false imprisonment was the appropriate charge. Our review shows that there is no evidence casting doubt that this is a good faith assessment of the case against the defendant.

■ An argument similar to the defendant's claim of vindictive prosecution was made in *Sefcheck*. There we held the county attorney should not use the considerable powers of a prosecutor to punish a defendant for asserting any procedural right, nor should the county attorney use those powers for vindictive purposes. *Sefcheck*, 261 Iowa at 1167, 157 N.W.2d at 133. In the absence of a showing to the contrary, we assume the regularity of official acts. *Id.* There is nothing in this record which indicates the State was motivated by any improper purpose.

We also reject the defendant's claim that the original plea agreement should be considered invalid on the ground the State entered into the agreement in bad faith, knowing the terms of the agreement were impossible to fulfill. The record indicates that the defendant and the State entered into this plea agreement in good faith, believing that it would be carried out. There is no evidence even remotely sug-

gesting that the State bargained a condition into the plea agreement knowing that it was impossible to fulfill.

### V. Summary

■ Although we find that the county attorney could file the heightened charge against the defendant, we also find that there is no bar to the county attorney's seeking to reinstate the charge of false imprisonment. Once a plea agreement is set aside or breached, the defendant is in the same position existing as before entering into the agreement and the county attorney may exercise proper discretion to recharge the defendant of any offense supported by the evidence. *Id.* at 1168, 157 N.W.2d at 133. Under the circumstances of this case where the plea agreement was breached without the fault of either the State or the defendant, rule 27(1) does not bar the county attorney from proceeding under a newly elected charge. Therefore, the constitutional infirmities raised by defendant are without merit.

We affirm the trial court's denial of defendant's motion to dismiss the charge of kidnaping in the third degree and remand for proceedings in accordance with this opinion.

**AFFIRMED AND REMANDED.**

All justices concur except LARSON, J., who concurs specially, and is joined by NEUMAN, J.

.

LARSON, Justice (concurring specially)

I concur in the result in this case, but I write separately to express my disagreement with the majority's gratuitous statement that the State was not prevented by rule of criminal procedure 27(1) from refiling the misdemeanor charge. Rule 27(1) is clear: no misdemeanor charge below the aggravated level may be refiled once dismissed. Despite the majority's characterization of the procedure to be used here as a reinstatement rather than a refiling, it is merely a cosmetic difference. The only way the State can "reinstate" the charge is by refiling it. Rule 27(1) does not provide, or even hint, that a defendant may waive the application of the rule by his own conduct. Nor does it provide any "good cause" exception such as found in our speedy trial rules. *State v. Foy*, 574 N.W.2d 337, 339 (Iowa 1998), relied on by the majority to support its dictum, is inapposite; the conduct of the defendant in that case was held to relieve the State of its duty to abide by the plea agreement. *Foy* did not involve a head-on confrontation with a rule of criminal procedure.

NEUMAN, J., joins this special concurrence.