# IN THE COURT OF APPEALS OF IOWA

No. 16-1990
Filed September 13, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**PAUL KENNETH HOWARD,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

The defendant appeals his conviction of harassment in the first degree.
**AFFIRMED.**

Sharon D. Hallstoos, of the Halstoos Law Firm, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Paul Howard appeals his conviction of harassment in the first degree. He claims the court erred denying his motion for judgment of acquittal because the evidence does not support the elements of the crime. He also claims trial counsel was ineffective for failing to file a motion for new trial. We affirm.

**I. Background Facts and Proceedings.**

On May 17, 2016, Howard was charged by trial information with the crime of harassment in the first degree, pursuant to Iowa code section 708.7(2) (2016). The charges arose from an April 12 disruption at the Scott County Administration Building where Howard allegedly threatened to kill a bailiff working security. The defendant waived his right to a jury trial, and the case was tried to the bench on August 29.

At trial, Janet Dolan, the bailiff who was providing security for the Scott County Administration building testified about her encounter with Howard on April 12. She stated she heard "a very loud disturbance" coming from the treasurer's office. She described the disturbance as an angry, male voice that was "cussing and swearing." Upon her investigation, she discovered Howard standing in line in a crowded room yelling, "These stupid fucking white crackers. Pieces of shit can't get anything right." She stated other people in the room appeared upset and afraid.

Dolan testified she approached Howard and asked him to leave the building. She stated the defendant responded by yelling multiple times, "I'm a thirty-year-old man, you white bitch. You can't tell me what to do." Eventually, Howard left the building and Dolan followed him to ensure he left the premises.

According to Dolan, once she and Howard were outside the building, Howard walked towards the sidewalk and stated, "[Y]ou fucking white bitch. White cracker whore. I'm going to go get a gun and come back and kill you." Dolan stated Howard continued to complain and he walked over to the railroad tracks, picked up a rock, and threw it at her.

Dolan also testified that people are often upset at the administration building, and she is trained to escort people out of the building as peacefully as possible. She stated standard procedure is to ensure the individuals leave the property without force.

At the close of the State's case, Howard moved for a judgment of acquittal. The court denied Howard's motion, holding "there is sufficient evidence that could convince a rational trier of fact on each of the elements of harassment in the first degree."

Howard also testified at trial. He testified he was at the administration building attempting to register his aunt's car. He stated he became upset when he was missing certain documentation to register a car, and the bailiff approached him and asked him to "lower his tone." He stated Dolan pulled out her taser and said, "get the hell out of here," and "I'll fucking tase you." He acknowledged using profanity but denied throwing a rock at Dolan. Regarding any interaction with Dolan after he left the building, Howard stated, "I didn't have any interaction with her. I left and walked away."

The trial court found Howard guilty of harassment in the first degree in violation of Iowa Code section 708.7(2). Howard appealed.

**II. Standard of Review.**

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). Claims of ineffective assistance of counsel are reviewed de novo. *See, e.g., State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003).

**III. Discussion.**

Howard claims the trial court erred denying his motion for judgment of acquittal. He also claims counsel was ineffective for failing to file a motion for new trial challenging the weight of the evidence.[1]

**a. Sufficiency of Evidence.**

Howard argues the evidence was insufficient to support the verdict based on Dolan's credibility. The State argues sufficient evidence exists in the record to support the elements of the claim. We agree with the State.

"In making determinations on the sufficiency of the evidence, 'we . . . view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence.'" *State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017) (quoting *State v. Jones*, 281 N.W.2d 13, 18 (Iowa 1979)). "We will uphold a trial court's denial of a motion for judgment of acquittal if the record contains substantial evidence supporting the defendant's conviction." *Id.*

---

[1] Howard also argues trial counsel was ineffective for failing to challenge the sufficiency of the evidence in a post-trial motion. Error was preserved because counsel already challenged the sufficiency of the evidence in a motion for judgment of acquittal. *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) ("Counsel cannot fail to perform an essential duty by merely failing to make a meritless objection."). Accordingly, we review Howard's claim under the sufficiency-of-the-evidence analysis.

(citation omitted). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted).

Generally, direct eyewitness testimony establishing the elements of the crime are sufficient to generate a jury question. *See State v. Kutcher*, No. 14-0602, 2015 WL 4935583, at *2 (Iowa Ct. App. Aug. 19, 2015) (holding officer's testimony that he witnessed the defendant commit the elements of the crime is sufficient to uphold verdict). Even in light of Howard's credibility challenges to Dolan's testimony, "[the trier of fact] is free to believe or disbelieve any testimony as it chooses." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).

Harassment in the first degree requires the State to prove the following elements: (1) Howard purposely, and without legitimate purpose, had personal contact[2] with another person; (2) Howard communicated a threat to commit a forcible felony; (3) Howard did so with the specific intent to threaten, intimidate, or alarm the other person. *See* Iowa Code § 708.7(1)(b), (2)(a).

Viewing the evidence in the light most favorable to the State, there is sufficient evidence to support Howard's guilty verdict. Dolan testified Howard yelled expletives at her while he was leaving the building. Dolan also testified that Howard stated, "I'm going to go get a gun and come back and kill you." Howard purposely engaged in personal contact with Dolan by communicating with her while in visual proximity to each other. *See id.* Howard also explicitly communicated a threat to commit a forcible felony when he threatened to kill her

---

[2] "'Personal contact' means an encounter in which two or more people are in visual or physical proximity to each other. 'Personal contact' does not require a physical touching or oral communication, although it may include these types of contacts." Iowa Code § 708.7(1)(b).

without legitimate purpose. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2001) ("Because there must be a specific intent to threaten, intimidate, or alarm, the only legitimate purpose that will avoid the criminal status conferred by the statute would be a legitimate purpose to threaten, intimidate, or alarm."). While Howard argues his version of the events does not support the elements, the trier of fact is free to believe Dolan's testimony over Howard's testimony. *See Thornton*, 498 N.W.2d at 673. The record contains substantial evidence supporting the defendant's conviction.

### b. Ineffective Assistance.

Howard claims trial counsel was ineffective for failing to file a motion for new trial based on the weight of the evidence.[3] The State argues Howard's trial counsel was not required to file a motion for new trial because Dolan's credible testimony supports the verdict.

To prove his claims of ineffective assistance of counsel, Howard must prove by a preponderance of the evidence: (1) counsel failed to perform an essential duty and (2) Howard suffered prejudice as a result. *See State v. Morgan*, 877 N.W.2d 133, 136 (Iowa Ct. App. 2016). The claim fails if either prong is not proved. *Id.* When a defendant chooses to raise an ineffective-assistance-of-counsel claim on direct appeal, we may either determine the record is adequate and decide the claim or find the record is inadequate and preserve

---

[3] Howard also argues trial counsel was ineffective for failing to file a motion in arrest of judgment and a motion to vacate challenging the sufficiency of the evidence. "A motion in arrest of judgment may not be used to challenge the sufficiency of the evidence." *State v. Dallen*, 452 N.W.2d 398, 399 (Iowa 1990). Counsel has no duty to raise an issue that has no merit. *State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008). We decline to address Howard's claim that trial counsel was ineffective for failing to file a motion in arrest of judgment.

the claim for postconviction proceedings. *See State v. Neitzel*, 801 N.W.2d 612, 624 (Iowa Ct. App. 2011).

To prove the first prong of this claim, Howard must show counsel's performance fell outside the normal range of competency. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Starting "with the presumption that the attorney performed his duties in a competent manner," "we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Maxwell*, 743 N.W.2d 185, 195–96 (Iowa 2008). Although counsel is not required to predict changes in the law, counsel must "exercise reasonable diligence in deciding whether an issue is 'worth raising.'" *State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999) (quoting *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982)). In accord with these principles, we have held that counsel has no duty to raise an issue that has no merit. *Schaer*, 757 N.W.2d at 637.

While trial counsel's intentions are not clear, the record is sufficient to resolve Howard's claim. In doing so, we turn first to the prejudice prong of the ineffective-assistance analysis. Under the second prong, "prejudice is shown when it is 'reasonably probable that the result of the proceeding would have been different.'" *Schaer*, 757 N.W.2d at 638 (quoting *State v. Henderson*, 537 N.W.2d 763, 765 (Iowa 1995)). Howard argues the result would have been different because trial court would have granted a new trial upon reviewing the weight of the evidence. Essentially Howard claims his testimony is more credible than Dolan's. We disagree.

"A verdict is contrary to the weight of the evidence only when 'a greater amount of credible evidence supports one side of an issue or cause than the

other.'"  *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016) (quoting *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006)).  The weight-of-the-evidence standard is "more stringent than the sufficiency-of-the-evidence standard in that it allows the court to grant a motion for new trial only if more evidence supports the alternative verdict as opposed to the verdict rendered."  *Id.*

Howard argues Dolan's testimony is not credible because her account of the events was contradicted by her actions.  Specifically, Howard asserts if he had really threatened to kill Dolan and thrown a rock at her, she would have used her weaponry, skill, and training to arrest Howard at the scene.

Dolan's testimony, however, was not contradictory.  Dolan testified that she is trained to resolve disputes in a peaceful manner and standard procedure is to follow the disruptive person and make sure they leave the premises.  She testified, "[O]ur goal is to not have to go hands on with someone."  Her failure to respond to Howard using force is credible and it supports, rather than contradicts, her testimony.  *See State v. Frake*, 450 N.W.2d 817, 819 (Iowa 1990) (holding consistency of statements, memory, knowledge of the facts, and the witness's interest in the trial are valid credibility considerations).  Dolan's credible testimony is not outweighed by Howard's testimony, and the weight of the evidence does not support the alternative verdict.  Howard was not prejudiced—he would not have received a different result had trial counsel filed a motion for new trial challenging the weight of the evidence.  Accordingly, trial counsel was not ineffective.  *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) ("Counsel cannot fail to perform an essential duty by merely failing to make a meritless objection.")

**IV. Conclusion.**

The record contains substantial evidence supporting the defendant's conviction because Dolan's testimony establishes the elements of the charged crime. Additionally, trial counsel was not ineffective because Howard cannot demonstrate prejudice; the weight of Dolan's credible testimony is not outweighed by Howard's testimony.

**AFFIRMED.**