# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0293
Filed March 11, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Precious Nicole Wimberly,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Karen Kaufman Salic, Judge.

———————————

**APPEAL DISMISSED**

———————————

Denise M. Gonyea of McKelvie Law Office, Grinnell, attorney for
appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Buller, P.J., Sandy, J., and Vogel, S.J.
Opinion by Buller, P.J.

1

**BULLER, Presiding Judge.**

Precious Wimberly attempts to appeal following her guilty plea to operating while intoxicated—first offense, a serious misdemeanor in violation of Iowa Code section 321J.2 (2024), and two counts of child endangerment, aggravated misdemeanors in violation of section 726.6(1)(a), (4), and (8). She asserts the district court did not adequately inform her of the consequences of her plea and erred in dismissing additional counts conditioned on her compliance with the plea agreement rather than unconditionally. And she complains that the plea agreement was captured on the written plea form rather than separately acknowledged by the prosecutor. We conclude we lack jurisdiction or authority to review any of these claims for at least three reasons.

First, a criminal defendant must timely file a motion in arrest of judgment to preserve error on challenges to a guilty plea. *State v. Hightower*, 8 N.W.3d 527, 534–36 (Iowa 2024); *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). Wimberly makes no allegation she was not adequately advised of the need to move in arrest of judgment, and our independent review of the record confirms the written advisory was adequate. Wimberly's failure to move in arrest of judgment thus deprives us of authority to decide any of the claims she wishes to advance in this attempted appeal. *See* Iowa R. Crim. P. 2.24(3)(a)(2).

Second, to obtain relief on claimed plea defects, Wimberly had to prove she probably "would not have pled guilty if the [alleged plea] defect had not occurred." Iowa Code § 814.29. She makes no such claim. And that failure independently bars relief and warrants dismissal. *See, e.g.*, *State v. Wetzel*, No. 24-0762, 2025 WL 1076859, at *2 (Iowa Ct. App. Apr. 9, 2025).

Third, and to the extent the foregoing do not dispose of Wimberly's challenge to the February 19, 2025 conditional order dismissing the remaining counts, she did not appeal that order. Wimberly's notice of appeal specifically appeals "from the final judgment entered on February 14, 2025, and sentencing entered on February 14, 2025, and all adverse rulings therein." Yet in a criminal case, a defendant may only appeal as a matter of right from a "final judgment of sentence," and a five-days-post-judgment collateral order is not part of that final judgment. *See* Iowa Code § 814.6; *State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) (holding that "rulings on collateral or independent issues after final judgment are separately appealable as final judgments," "must be separately appealed," and a "defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court" to obtain appellate jurisdiction). *But see State v. Warburton*, ___ N.W.3d ___, 2026 WL 247444, at *3 (Iowa 2026) (finding a "motion for resentencing" inhered in and was "a direct challenge to" a final judgment). Because Wimberly's notice of appeal did not reach the February 19 order, and she did not file any separate papers attempting to invoke appellate review of that collateral order, we lack jurisdiction to review it.[1]

**APPEAL DISMISSED.**

---

[1] In the interests of completeness, we note there is no viable claim here. Wimberly claims the district court could not condition the dismissal of additional counts on her compliance with the plea agreement, yet the dismissal was a *term* of the plea agreement. If a criminal defendant materially breaches a plea agreement, the State is "free to pursue a full prosecution against [a] defendant," including reinstatement of any dismissed charges. *State v. Hovind*, 431 N.W.2d 366, 368–69 (Iowa 1988); *see also State v. Hamrick*, 595 N.W.2d 492, 494–96 (Iowa 1999) (concluding that, after defendant's breach of plea agreement, State could not only reinstate a dismissed charge but also bring new charges, so long as the charges were "supported by the evidence"). The State's claim there is "no mechanism" for a court to reinstate dismissed counts is incorrect as a matter of law.