CLARK & GRANT v. LYON COUNTY.

1. **District attorney:** RIGHT AND DUTY TO APPEAR FOR COUNTY. It is the *right* as well as the duty of the district attorney to appear for any county in his district, in any and all actions pending in the district court in which such county is a party or interested.

2. —— RIGHT OF APPEAL. An order of the district court refusing him the right to appear and defend in an action pending against the county, is erroneous, and may be corrected on appeal prosecuted by the district attorney in the name of the county.

*Appeal from Lyon District Court.*

THURSDAY, DECEMBER 4.

THE agreed abstract of record shows the following facts: On the trial of the cause of Clark & Grant against Lyon

county, which was an action against said county on its warrants, C. H. Lewis, district attorney of the fourth judicial district, came, and asked leave of court to file an answer for said county, which request of the said district attorney the court denied for the reason that there had been an appearance by attorneys employed by the board of supervisors of Lyon county, and that the petition had been assailed by demurrer filed by the attorneys appointed by the board of supervisors, and that the said attorneys, J. F. Eccleston and H. B. Wilson, said that they intended to make a vigorous and faithful defense in the action.

To this ruling of the court the district attorney excepted, and on the same day he offered to file the following affidavits and motion :

"Charles E. Goetz, being duly sworn, says that he is the auditor of Lyon county, Iowa, and he has been since the organization of said county, January 1, 1872. That since the organization of said county, the indebtedness of said county has run up to the sum of $48,000. That large amounts of warrants have been issued by the board of supervisors of said county for bridges that have never been built and work that has never been done, and for materials that have never been furnished, and of which no estimate was made to the said board of supervisors, and for which no other consideration has ever been received, and for illegal purposes. That these warrants so illegally issued are now in suit in this court. That the defense to said warrants is being conducted by the members of the board of supervisors who voted for and issued the said illegal and fraudulent warrants.

"That the attorneys employed by them are the same attorneys heretofore retained by the board as counsel during the time these warrants were issued.

"CHARLES E. GOETZ."

"I being duly sworn on oath do depose and say that I am a resident and citizen of Lyon county, Iowa. That I am acquainted with the manner in which the county finances of

Lyon county have been conducted since the organization of said county. That numerous warrants have been issued by the board of supervisors of Lyon county, Iowa, since the organization of said county, calling for large sums of money, for which no consideration has been received, and which the said board of supervisors had no authority to issue. That warrants have been issued in the amounts of thousands of dollars for the erection of bridges in the county, when no bridges had been built, and for which no material had yet been furnished. That warrants in large sums of money have been illegally issued for survey of lands in said county, and the establishment of lost corners to sections of land in this county ; for the purchase of land for a poor farm in Lyon county at exorbitant, fraudulent prices ; for publishing, advertising, books and pamphlets, and for other illegal and fraudulent purposes. That the said warrants are now here in suit. That the members of the board of supervisors who voted for and allowed the issue of these fraudulent orders and warrants are now the same parties under whom the defense in this county case, now on trial here, is conducted. That, as we verily believe, judging from the past action of these men, there will be no sufficient defense set up to said warrants, but that through their fraud and bad conduct they will permit judgment unjustly to go against the county of Lyon in the case now on trial here.

And we further state that $6,000 have, without consideration, been wrongfully issued to H. B. Wilson, with Joy & Wright, the attorney who is now conducting the defense in this action. That J. F. Eccleston, the other attorney on the defense, is the attorney who has been advising the board of supervisors during a great portion of the time they were issuing said fraudulent warrants, and that $1,000 of said warrants were issued to said Eccleston for the Supreme Court Reports of Iowa.

J. O. SWEET,     H. D. RICE,
F. W. ALLEN,     LA. F. KNIGHT."

"Upon the above affidavits I ask that I be permitted to file and make defense in the above-entitled case vs. Lyon county, now for hearing in this court.　　　　C. H. Lewis,
　　　　*District Attorney Fourth Judicial District.*"

Which affidavits and motion the court, after examination thereof, would not permit the district attorney to file, and would not allow him to file answer, to all of which he then excepted."

The abstract also contains the following :

"It is further agreed that two of the members of the board of supervisors of Lyon county, and the attorneys of said county by said board, were not permitted to see the affidavits set out in this record ; that F. W. Allen, who signed one of said affidavits, was a member of said board, and that the board of supervisors have not authorized this appeal."

The appellant is entitled. The county of Lyon by C. H. Lewis, its district attorney.

*H. Jordon* for the plaintiffs.

*M. E. Cutts* for the appellant.

*H. B. Wilson* for the board of supervisors.

DAY, J. — It is the duty of the district attorney to appear for any county in his district, in all matters in which it may be a party or interested, in the district court of his district. Rev., § 374. A willful neglect of this duty would be a misdemeanor, and render him liable to indictment, fine and imprisonment. Rev., §§ 4301, 4303.

The duty thus positively enjoined upon the district attorney must, of necessity, be accompanied with the *right* to do the thing required. If it is a positive duty, resting upon the district attorney to appear in the district court for the respective counties in his district, it is just as much a duty for the board of supervisors and the court to permit him to appear when he desires to do so. And a refusal to allow him to appear denies him a legal right. Nor is his right to appear any the

less a legal right because no specific compensation is allowed for this duty. A party would have the right to be admitted to an office, and to discharge its duties, although the service was purely voluntary. As an example, a sub-director of a school district receives no compensation. Yet, if, being duly elected, he should be denied admission to the office, there can be no doubt that in the appropriate action he might have relief. It seems then clear that a legal right of the appellant has been invaded. A wrong has been done.

The question here is, what remedy does the law afford? The appellate jurisdiction of this court, it seems to us, reaches the case, and may apply the appropriate remedy. The supreme court has an appellate jurisdiction over all judgments and decisions of any of the district courts. Rev., § 2631. Here, although no judgment, in the legal acceptation of that term, was rendered, yet there was a *decision* affecting a legal right. The exercise of a substantial right was demanded, and by the decision of the court was denied. To prevent a failure of justice there must be a review of the decision, and it can be had only by appeal. We do not hold, that if the district attorney had been allowed to appear and defend in the court below, and had been unsuccessful, he could, of his own motion, and against the wishes, and in opposition to the judgment of the board of supervisors, appeal the cause to this court and protract the litigation.

This question does not now arise. The law gives the district attorney the right to appear in the district court on behalf of the counties of his district, and when he thus appears he must exercise his own judgment as to the proper mode of conducting the defense.

We conclude, therefore, that the district attorney had the right to file an answer; that the court erred in denying him the exercise of the right, and that the cause must be reversed and remanded, with direction to allow him to appear and defend.

Reversed.