SEATON ET AL v. POLK COUNTY.

1. **County:** LIABILITY FOR ASSISTANCE TO DISTRICT ATTORNEY: POWER OF DISTRICT COURT TO APPOINT ASSISTANT. The District Court has no inherent or statutory power, when the district attorney is present, to appoint another attorney to assist him in a criminal prosecution, and thereby to bind the county to pay for such assistance.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 20.

HENRY RED was indicted in Polk county and charged with the crime of murder. A change of venue was taken to Jasper county.

The plaintiff, Seaton, appeared as attorney for the State, and brought this action to recover for his services. The claim was afterwards assigned to one Doran who intervened in the action. .

Trial to the court, judgment for the defendant, and plaintiff appeals.

*Sickmon* and *Barclay*, for appellants.

*L. G. Banister*, for appellee.

SEEVERS, CH. J.—The District Court of Jasper county made and caused to be entered of record the following order:

"THE STATE OF IOWA ⎫ Trial continued. Lee R. Seaton ap-
*vs.* ⎬
HENRY RED et al. ⎭ pointed special prosecutor.

"It is hereby ordered that Lee R. Seaton, Esq., on the application of Ed. W. Stone, District Attorney, is appointed to assist said District Attorney in the trial of said causes. This appointment being made because it appears to the court, on the representation of the District Attorney in open court, that said Dist. Attorney, owning to the other duties of his office at this term, is unable to try the cause alone, and that the appointment and assistance of said Seaton is necessary to the proper and reasonably speedy trial of this cause, said Seaton to be allowed reasonable compensation at the expense of Polk county."

And afterwards an order was entered by said court in the following words:

"THE STATE OF IOWA ⎫
*vs.* ⎬
HENRY RED et al. ⎭

"It is hereby ordered that Lee R. Seaton, Esq., be paid the sum of $100 for assisting the District Attorney in the trial of Henry Red, under an order of January 28, 1879, and that the same be paid by Polk county, Iowa."

The Circuit Court has certified certain questions as to which it is said to be desirable to have the opinion of the Supreme

Court. The only question so certified, which it is deemed material to determine, is whether the court had the power to make the appointment aforesaid, and thereby impose on defendant a liability to pay for the services rendered under the appointment.

A county is not liable for services performed by an attorney at the instance and request of the district attorney. *Tatlock & Wilson v. Louisa County*, 46 Iowa, 138; *Foster & Foster v. The County of Clinton*, 51 Id., 541.

The fact that the district attorney requested the court to appoint Mr. Seaton to assist him, cannot make the county liable. Nor can the united action of the court and district attorney have such effect, unless there is some statute which so provides, or the court has such inherent power in order to prevent a failure of justice. Where the district attorney was temporarily absent from a term of court, it was held in *White v. Polk County*, 17 Iowa, 413, the court could appoint an attorney to appear for the State, and that the county was liable to pay for his services. No such case is before us, but the court, at the request of the district attorney, made the appointment in this case.

The statute provides that the district attorney shall appear for the State in the courts of his district, but that the board of supervisors may employ other counsel when they may deem it necessary. Code, § 205.

We think, under the statute, a county cannot be made liable to pay for additional counsel unless the board of supervisors has determined such counsel was necessary.

In the case before us the court had no such power, because the district attorney was present, and his competency to perform the duties of his office must be presumed and cannot be doubted. There was no reason, therefore, to call into action the inherent power of the court in order to prevent the failure of justice.

Having reached this conclusion, the remaining questions need not be answered.

AFFIRMED.