STATE OF IOWA, Appellee, v. J. A. MILLER, Appellant.

**Appointment of prosecuting attorneys:** COMPENSATION. The dis-
trict court may appoint an attorney to act as district attorney
in a matter in which the county attorney is interested; but
where the order of appointment contemplates services in "an-
other matter," the character of which is not disclosed, a general
order fixing the compensation of such attorney is invalid, as it
will be presumed that compensation for services in the "other
matter" was included.

**Same:** The county attorney is entitled to notice and a hearing on
the question of the compensation to be allowed an attorney
appointed to act for him in a matter in which he is disquali-
fied.

**Same.** Where the compensation allowed an attorney appointed by
the court to act for the county attorney, by reason of his dis-
qualification, was intended to cover services before the grand
jury and in the prosecution of the case, and a succeeding county
attorney was elected and qualified prior to the trial, thus ren-
dering the appointee unable to complete the service, the al-
lowance will be set aside.

*Appeal from Cherokee District Court.*— HON. WILLIAM
HUTCHINSON, Judge.

SATURDAY, DECEMBER 15, 1906.

THE opinion states the case.   The appeal is by the de-
fendant.— *Reversed.*

*Herrick & Herrick* and *McCulla & McCulla,* for ap-
pellant.

No appearance for appellee.

BISHOP, J.— At the March term, 1904, of the district
court of Cherokee county, and after the grand jury had been
impaneled, an order was made as follows:   " Ordered by

the court that J. D. F. Smith be and he is hereby appointed to act as county attorney in a case before the grand jury, wherein, as reported by the foreman of the grand jury, the county attorney is under disability by reason of his interest therein, and also to act as county attorney in another matter before the grand jury, as requested by the grand jury." During said term of court, an indictment was returned by the grand jury against this defendant, then the county attorney of said county, charging him with willful neglect to perform his duties, as such county attorney, in respect of a certain matter theretofore pending in said court; being the matter of an application by a druggist of said county for a permit to buy and sell intoxicating liquors. Such indictment was signed by J. D. F. Smith, acting county attorney. At the June term of court succeeding — Judge Wakefield presiding —there was entered an order as follows: " It is ordered by the court that the reasonable compensation of J. D. F. Smith, acting as county attorney under special appointment, be and is hereby fixed at $150." At the September term of said court succeeding, the defendant — still being the county attorney — appeared, and filed a motion to set aside the allowance to Smith as made at the June term. Therein the facts of the appointment and the indictment were set forth. It was then said that the nature of the " other matter " spoken of in the order of appointment is not disclosed by the records of the court, and defendant says he is informed and believes that the same was not a matter in which he was personally affected or interested. That the said indictment has never been tried or disposed of. These further statements follow: That the allowance to Smith was made on oral application therefor, and without notice. That no itemized statement of the services claimed to have been rendered was made, but defendant asserts on information and belief that included therein were services in respect of the " other matter " referred to. That, in so far as the allowance included the matter in which defendant was personally interested, it was

not only premature, but void, for want of notice; and, in any event, it was excessive. That, in so far as the allowance was for services in such "other matter," it was void for want of authority. Upon the point that the allowance was excessive, it is further recited that, according to the belief of defendant, but one witness was examined before the grand jury in the matter affecting defendant, and that the entire service rendered by Smith did not exceed in value the sum of $50. The personal interest of the defendant is alleged; it being said that under the law the allowance will be charged to him and taken out of his salary as county attorney. It was asked that, in view of these matters, the allowance be set aside; that said Smith be required to itemize his services, and to state therein what were the services performed by him in the "other matter"; that defendant be given an opportunity to be heard in respect of the allowance to be made, which should not include any sum for services in such "other matter."

Matters thus stood until the January term, 1905, of said court — Judge Hutchinson presiding — when defendant renewed his motion, representing that his salary was being withheld pending disposition thereof. He further made it appear by affidavit, and by reference to the records of said county, that he had been succeeded as county attorney of said county by the election and qualification of a successor in office, and that at the then present term of court the said Smith had been, by an order of court made on motion of the defendant, discharged from any further connection with the proceedings to be had under the indictment against him, said defendant, which indictment still remained untried, and not otherwise disposed of. It is disclosed by the affidavit so filed that the arguments of counsel on the motion to discharge Smith from the indictment proceedings were taken down in shorthand by the official reporter of the court. A transcript of such notes is attached, from which it appears that Smith, in speaking for himself, said that the allowance as made to

him was for what he had already done, and for the prosecution of the case. The affidavits of defendant were not met by any counter-showing. The motion to set aside the order of allowance, as made by Judge Wakefield, was overruled, and it is from this ruling that the present appeal was taken.

Our consideration leads to the conclusion that the motion should have been sustained. It is provided by statute that, in case of disability on the part of the county attorney, the district court may appoint an attorney to act

1. APPOINTMENT OF PROSECUTING ATTORNEYS: compensation.

in his stead. And the court shall determine upon a reasonable compensation to be paid such acting attorney, and which shall be paid out of the salary allowed the county attorney. Code, section 304. That a disability arises when the grand jury or the court is called upon to consider a matter in which the county attorney is personally interested is not open to question. The appointment of Smith to have charge of a matter thus related was therefore a proper proceeding. But the court could not appoint an attorney to have charge of a matter not thus related. What was the " other matter " to which reference was made in the order of appointment does not appear, nor do we know what services were rendered in connection therewith. As the order contemplated such services, we must assume that to some extent there was performance, and, as the order of allowance was general, that payment for such service was included. To the extent thus related, and especially as the allowance was made without notice, the order was without warrant and subject to attack.

Indeed, we are disposed to go a step farther, and say that had there been no reference to such " other matter," it would still have been the right of the county attorney to be heard when it came to be determined what

2. SAME.

was a reasonable compensation. In a practical sense the allowance to an acting attorney amounts to an appropriation *pro tanto* of the salary of the county attor-

ney. That no person can be deprived of his property without due process of law is the constitutional provision. Const. Iowa, section 9. And the salary of a· county attorney is property within the meaning of the provision thus cited. *Greene v. Knox,* 175 N. Y. 432, (67 N. E. 910,) ; *Hibbard v. State,* 65 Ohio, 574, (64 N. E. 109, 58 L. R. A. 654). True, the court is authorized to determine what is a reasonable compensation, and make allowance thereof, but that is only another way of saying that to compensate for services rendered it shall determine how much of the property of the county attorney shall be taken. To this, in view of the statute under which he holds office, the county attorney may well be held to have assented. But, on plainest principles, due process requires that no tribunal having the power to deprive .one person of his property rights for the benefit of another, or of the public, shall proceed to do so arbitrarily: the person who is to suffer the deprivation must have his day in court. This is the law of reason, and the rule of the cases. *Foule v. Mann,* 53 Iowa, 42 ; *Trustees, etc., v. City,* 65 Iowa, 633 ; *Gatch v. City,* 63 Iowa, 718.

But if the soundness of the conclusion, as thus expressed, could be said to be open to doubt, still we should say that the allowance should be set aside. If the allowance was made to cover, not only the services. rendered before the grand jury, but in the prosecution of the case — and this is the showing — then it has been only partially earned. And, as the connection of Smith with the prosecution has been severed, it is not possible for him to earn the balance. As no contract right to have the emoluments of continued service accrued to him by virtue of his appointment, he cannot complain of the setting aside of an order prematurely made by which he was allowed compensation covering services to be performed in the future and which have become impossible of performance. Otherwise, it might be that the county attorney could be compelled to submit to a double allowance.

3. SAME.

It follows that the order appealed from must be reversed, and the case will be remanded for further proceedings according to law.— *Reversed.*