**POLK COUNTY CONFERENCE
BOARD, Appellant,**

v.

**John SARCONE, Polk County
Attorney, Appellee.**

No. 93–167.

Supreme Court of Iowa.

May 25, 1994.

William J. Lillis and Douglas A. Fulton of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for appellant.

Eliza Ovrom and Daniel L. Flaherty, Asst. County Attys., for appellee.

Douglas R. Marek, Des Moines, for amicus curiae Iowa County Attys. Ass'n.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL and TERNUS, JJ.

McGIVERIN, Chief Justice.

This case raises several issues regarding the authority of a county attorney and a county conference board over the hiring, control, and payment of special counsel for property tax assessment appeals under Iowa Code section 441.41 (1991). It also raises issues regarding the conference board's employment of outside counsel for purposes of bringing this declaratory judgment action against the county attorney. We affirm the rulings of the district court.

I. *Background facts and proceedings.* On January 31, 1991, the Polk County conference board approved pursuant to Iowa Code section 441.41 the hiring of special counsel to represent the county assessor and board of review. In February Polk County assessor Jack Newell contacted attorney William J. Lillis to inquire if Lillis would act as special counsel for the assessor and the Polk County board of review in tax assessment appeal cases. Lillis indicated his interest in defending assessment appeal cases for Polk County, and over the next several months Lillis and Newell negotiated over the terms of Lillis's representation.

Meanwhile, defendant John Sarcone, Polk County attorney, indicated in a letter to Newell dated June 6, 1991, that as county attorney he should choose the special counsel.

Nevertheless, on July 1 county assessor Newell hired Lillis to act as special counsel for assessment appeals. Newell did this without the consent or approval of defendant Sarcone.

On June 27, Montgomery Ward Development Corporation filed an assessment appeal against the Polk County board of review in the Iowa district court for Polk County. County assessor Newell referred this case to attorney Lillis, who filed an answer. County attorney Sarcone also filed an answer on behalf of the board of review in that case.

Although Lillis was not formally hired until July 1, his July 10, 1991, bill for services included services allegedly rendered in February, March, May, and June 1991. County attorney Sarcone never approved payment of any part of Lillis's bill.

On November 13, 1991, the conference board brought this declaratory judgment action, alleging that defendant Sarcone interfered with the board's power to employ and utilize special counsel. The petition also asked the court to declare that the county attorney must approve a bill for Lillis's services which are reasonable and necessary.

Defendant Sarcone filed an answer denying that the conference board had the authority to hire outside legal counsel without the approval of the county attorney. By counterclaim, Sarcone asserted that as the duly elected county attorney, he had a statutory obligation to represent the assessor and board of review in all litigation dealing with assessments. He further asserted that as the principal officer responsible for his assistants, he had the authority, pursuant to Iowa Code section 331.903(1), to appoint those assistants. He further requested the court to declare that the conference board was not authorized to hire counsel to file the present action and that the fees and costs of this action therefore cannot be paid by the conference board.

Upon motions for summary judgment by both parties, the district court ruled first that the conference board has the sole discretion under section 441.41 to hire special counsel to assist the county attorney in the representation of the board in assessment appeals. Second, the court ruled that Sarcone as county attorney has the sole discretion to control the activities of the special counsel. Third, the court concluded that the Polk County conference board is liable for the reasonable attorneys fees expended by special counsel to date in handling assessment appeal cases. Finally, the court ruled that the conference board had the right to employ special counsel to pursue the present action against the county attorney based upon the county attorney's disability under Iowa Code section 331.754(1) to represent the conference board in this action.

Plaintiff conference board appealed and defendant county attorney Sarcone cross-appealed the court's ruling.

■ Our review is for correction of errors at law. Iowa R.App.P. 4; *see American Asbestos Training Center, Ltd. v. Eastern Iowa Community College*, 463 N.W.2d 56, 58 (Iowa 1990) (statutory interpretation is a question of law for the court to determine).

II. *Authority to hire special counsel.* Iowa Code section 441.41 provides in pertinent part:

> In the case of counties, the county attorney shall represent the assessor and board of review in all litigation dealing with assessments.... The *conference board* may employ *special counsel to assist* the ... county attorney....

(Emphasis added.)

■ On his cross-appeal, defendant Sarcone contends that the district court erred in concluding that the conference board has the sole authority to employ special counsel. Defendant argues that his broad authority under Iowa Code sections 331.758(2) and 331.903(4) over his assistants and deputies should extend to the hiring of the special counsel described in section 441.41. We disagree.

The language in section 441.41 that "[t]he conference board may employ special counsel," standing alone, seems to resolve the issue decisively, explicitly granting authority to hire special counsel to the conference board.

Nevertheless, defendant Sarcone relies on two other clauses in section 441.41, which state that (1) "the county attorney shall represent the assessor and board of review in all litigation dealing with assessments," and (2) the "special counsel ... assist ... the county attorney...." In conjunction with the special counsel clause, however, we believe the statute envisions joint representation between the county attorney and the special counsel if the conference board desires to employ such counsel. Reading the statute in its whole context, *see Telegraph Herald, Inc. v. City of Dubuque*, 297 N.W.2d 529, 532 (Iowa 1980), there seems to be little doubt that sole discretion to employ special counsel rests with the conference board.

Defendant Sarcone, however, draws on other authorities to support his theory. *See, e.g.,* Iowa Code § 331.757 (allowing county attorney to appoint temporary assistants); *Cetrulo v. Byrne*, 31 N.J. 320, 328, 157 A.2d 297, 301 (1960) (county prosecutor must be given broad powers to appoint own personnel).

These authorities are even less apposite to the power to hire special counsel than the authority Sarcone relies on in section 441.41. There is no dispute that the county attorney has broad powers over his regular staff. The special counsel provision in section 441.41, however, is a specific provision on this issue and therefore prevails over the more general authorities Sarcone relies on. Iowa Code § 4.7. We do not believe that a "special counsel" under section 441.41 is a member of a county attorney's regular staff or an "assistant" to the county attorney as contemplated by sections 331.757, 331.758(2), and 331.903(4). Therefore, we agree with the district court that the language in section 441.41 that "[t]he conference board may employ special counsel" is dispositive of this issue and gives the hiring authority solely to the conference board.

■ III. *Authority to control special counsel.* On its appeal, plaintiff conference board contends that the district court erred in ruling that the county attorney had the

sole discretion to control the use and activities of the special counsel. The district court ruled that because section 441.41 provides that the special counsel is "to assist" the county attorney, the legislature intended the county attorney to retain direct control over the extent to which that special counsel is utilized. We agree with the district court.

Because section 441.41 provides that the county attorney represent the assessor in *all* litigation dealing with assessments, and because the special counsel's role is to *assist* the county attorney, we believe the legislature intended that the county attorney have control over the use and activities of the special counsel.[1]

We find further support for this conclusion in Iowa Code section 331.756(6), which provides that the county attorney shall "[c]ommence, prosecute, and defend *all* actions and proceedings in which a county officer, in the officer's official capacity, or the county is interested or a party." (Emphasis added.) *Cf. Clark v. Lyon County,* 37 Iowa 469, 472 (1873) ("If it is a positive duty, resting upon the district attorney to appear in the district court ... it is just as much a duty for the board of supervisors and the court to permit him to appear when he desires to do so.").

There is an additional statute on this specific issue. Iowa Code section 331.756(65) provides that the county attorney shall "[r]epresent the assessor and the board of review in legal proceedings relating to assessments as provided in section 441.41." We think that the legislature has made it abundantly clear that control over these cases rests in the sole discretion of the county attorney.

Plaintiff conference board argues that if the county attorney controls the activities of the special counsel, the conference board's power to hire special counsel is of little significance because the county attorney can refuse to use the special counsel if the county attorney so wishes.

There is some merit to that argument; we admit that the statute may naively assume cooperation between the conference board and the county attorney concerning special counsel. If the conference board had power over the activities of the special counsel, however, similar frustrations could occur. The conference board could exclude the county attorney from assessment cases, interfering with the county attorney's duty to "represent the assessor in *all* litigation dealing with assessments." Iowa Code § 441.41 (emphasis added); *accord* Iowa Code § 331.756(65) ("[The county attorney shall r]epresent the assessor and the board of review in legal proceedings relating to assessments as provided in section 441.41."). On balance, we believe our interpretation and that of the district court "does least violence to the text" of section 441.41. *Green v. Bock Laundry Machine Co.,* 490 U.S. 504, 529, 109 S.Ct. 1981, 1995, 104 L.Ed.2d 557, 576 (1989) (Scalia, J., concurring in the judgment).

IV. *Payment for services in handling assessment cases.* Iowa Code section 441.16 states in part:

> The assessor shall issue requisitions [from the assessment expense fund] for the examining board and for the board of review on order of the chairperson of each board and *for costs and expenses incident to assessment appeals, only on order of ... the county attorney ....*

(Emphasis added.)

Defendant Sarcone argues that because section 441.16 allows payment (i.e., "costs and expenses") of special counsel for assessment appeals "only on order" of the county attorney, Sarcone has sole discretion to allow payment for Lillis's services to the assessor, board of supervisors, and conference board to date. The district court rejected this contention, concluding that the conference board is liable for the reasonable attorney fees expended by Lillis to date in handling assessment appeal cases. We agree with the district court.

---

1. We note that we are not faced here with a dispute between a public body and a public attorney over the strategy in handling a specific piece of litigation as in *Motor Club of Iowa v. Department of Transportation,* 251 N.W.2d 510, 513–16

(Iowa 1977) (attorney general has no authority to continue prosecution of an appeal contrary to the wishes of the Iowa department of transportation).

■ We recognize we have already held that section 441.41 gives the conference board sole discretion only in hiring special counsel. Although ordinarily we believe that the county attorney must approve of payment of special counsel pursuant to Iowa Code section 441.16, we also believe that a court of equity could appoint a special official to replace the county attorney to give that order in the event that the county attorney arbitrarily refused to authorize payment of the special counsel. *See Spencer's Mountain, Inc. v. Pottawattamie County,* 285 N.W.2d 166, 168–69 (Iowa 1979) (county officials must exercise discretion in good faith and not act unreasonably in the execution of their duties). Similarly, the assessor, conference board, or even the special counsel himself could bring a mandamus action to require the county attorney to allow compensation to the special counsel for reasonable attorney fees incurred in the good faith representation of the conference board. *See* Iowa Code ch. 661; *Nissen v. International Bhd. of Teamsters,* 229 Iowa 1028, 1041, 295 N.W. 858, 866 (1941) (noting that mandamus will lie "where there is an abuse or arbitrary use of discretion, or the action complained of was unreasonable, arbitrary, and in excess of power").

Here, no evidence is presented that the special counsel's charges for services rendered to date in handling assessment cases were unreasonable. We therefore find no reason to disturb the district court's order that the conference board is liable for reasonable fees incurred by the special counsel in handling assessment cases.

■ V. *Lillis's role in the present litigation.* Defendant Sarcone also contends that the district court erred in holding that the conference board had authority to employ Lillis to represent it in the present litigation against Sarcone.

The district court concluded that Iowa Code section 331.754(1) gave the conference board authority to employ Lillis as outside counsel for this litigation due to the disability of the county attorney from representing the board. Although the court did not specifically rule on the issue of Lillis's compensation apart from his employment, we construe its ruling to allow the conference board authority to pay Lillis as well as to hire him for the present litigation.

■ A conflict of interest constitutes a disability under this statute. *See State v. Brandt,* 253 N.W.2d 253, 262 (Iowa 1977) (interpreting Iowa Code section 336.3 (1975), the predecessor to section 331.754(1)); *State v. Miller,* 132 Iowa 587, 590, 109 N.W. 1087, 1088 (1906) ("That a disability arises when the grand jury or the court is called upon to consider a matter in which the county attorney is personally interested is not open to question.").

In this case, because the county attorney protested the conference board's employment of Lillis to handle tax assessment appeal cases, the county attorney could not have represented the interests of the conference board in this declaratory judgment litigation. We therefore believe that the board properly employed attorney Lillis as an "acting county attorney." *Cf. White v. Polk County,* 17 Iowa 413, 414 (1864) ("It would be a burlesque upon the law—a just and indefensible reproach upon our institutions—if ... the public business remain unattended to, for want of power in a court of general jurisdiction, to appoint some one to supply the place of the regular officer—absent, whether from accident, misfortune or design.").

VI. *Disposition.* We therefore conclude that the district court properly ruled that (1) the sole discretion to hire special counsel lies with the conference board; (2) the sole discretion to control and utilize special counsel lies with the county attorney; (3) the conference board is liable for reasonable attorney fees for Lillis's services to date in his work as special counsel for the board; and (4) the conference board could employ Lillis to represent it in this litigation.

We trust that the interested persons here will cooperate in accomplishing payment of reasonable attorney fees for the services already rendered so that a future mandamus action to enforce compliance with the conclusions reached herein will be unnecessary.

**AFFIRMED ON BOTH APPEALS.**