STATE of Iowa, Appellant,

v.

Timothy Karl HOEGH, Appellee.

No. 00–1633.

Supreme Court of Iowa.

Sept. 6, 2001.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, James P. Barry, County Attorney, and Francine O'Brien Andersen, Audubon County Attorney Special Prosecutor, for appellant.

Terrance G. Rutherford and John M. Trewet of Rutherford, Trewet & Knuth, Atlantic, for appellee.

CADY, Justice.

In this appeal brought by the State, we must decide if the district court was authorized to appoint a special prosecutor after the county attorney declined to prosecute a case due to a conflict of interest. The district court dismissed the trial information filed by the special prosecutor after concluding the information had been filed by an unauthorized person because the court had no authority to issue a previous order appointing a special prosecutor. On our review, we conclude the district court possessed inherent authority to appoint a special prosecutor, but was not justified in exercising its authority in this case. We affirm the district court order dismissing the trial information.

## I. Background Facts and Proceedings.

Timothy Hoegh was arrested in Atlantic, Iowa on July 9, 2000, for operating while intoxicated. A breath intoxilyzer test administered by the arresting officer following the arrest revealed Hoegh had a blood alcohol concentration of .199.

On July 31, 2000, the Cass County Attorney, James Barry, filed an application with the district court for the appointment of a special prosecutor to represent the State in the prosecution of the case. Barry asserted in the application that he had a conflict of interest in prosecuting the case because he was representing Hoegh's former wife in a pending civil action against Hoegh. On the same date, without a hearing, the district court entered an order appointing the Audubon County Attorney,

Francine O'Brien Andersen, as a special prosecutor in the case.

On August 3, 2000, the special prosecutor filed a trial information formally charging Hoegh with operating while intoxicated. Hoegh filed a motion to dismiss in response to the trial information. He alleged the district court was not authorized to appoint a special prosecutor and the trial information should be dismissed.

Following a hearing, the district court dismissed the trial information. It found the county board of supervisors, not the district court, had the statutory authority to appoint an attorney to act as county attorney, which rendered the trial information defective. The State appealed.

## II. Standard of Review.

█ Our review of the grant of a motion to dismiss is for correction of errors at law. *Meyn v. State,* 594 N.W.2d 31, 33 (Iowa 1999).

## III. Defect in Trial Information.

█ The only person authorized to file a trial information in Iowa is the county attorney, unless authority has been granted to other prosecuting attorneys by statute or rule. Iowa R.Crim. P. 5(1). The failure to file a trial information in a manner required by law is a recognized ground for dismissal. *Id.* 10(6)(c)(2).

Thus, an information filed by an unauthorized person is subject to dismissal.[1]

## IV. Judicial Authority to Appoint Special Prosecutors.

For more than a century, our legislature recognized the authority of the district court to appoint a special prosecutor when the regular prosecutor was disqualified. In 1888, our legislature enacted a statute that provided, in pertinent part:

> In case of absence, sickness, or disability of the county attorney and his deputies, the court ... may appoint an attorney to act as county attorney....

McClain's Code Ann. § 271 (1888). This statute remained relatively unchanged for 111 years, and was eventually transferred to Iowa Code section 331.754(1) in 1981.[2] *See* 1981 Iowa Acts ch. 117, § 754 (codified at Iowa Code § 331.754(1) (1981)).

Independent of this statutory authority, we recognized very early in the history of our court the inherent power of the district court to appoint a special prosecutor in a criminal case. *White v. Polk County,* 17 Iowa 413, 414 (1864). In tracing the source of this power to the necessity for the courts to perform their basic function of administering justice, we said:

> The public business is not to be left thus to suffer. A court possessing such jurisdiction is not limited to the very letter of the character of its power. The charter

1. The dismissal of the trial information under these circumstances does not necessarily terminate further criminal prosecution. *See* Iowa R.Crim. P. 10(7). It does not preclude the State from filing a new trial information. *See id.; State v. Rout,* 478 N.W.2d 633, 634 (Iowa 1991) (dismissal of trial information because it was signed by a district associate judge, rather than a district judge, was a correctable defect).

2. The most substantial change to the statute during this period of time came in 1988 when it was amended to add a provision to allow the board of supervisors to "appoint an acting county attorney to provide legal assistance relat[ing] to [its] official business ... during the absence, sickness, or disability of the county attorney and the assistant[s]...." 1988 Iowa Acts ch. 1066, § 1 (codified at Iowa Code § 331.754(1) (1989)).

gives it life. Of course, it has the right and power to preserve this life. The vital machinery cannot be kept in motion without officers, and for the very preservation of the life of the court, the protection of the charter of its existence, these necessary officers may be appointed, temporarily, the regular ones being absent. A prosecutor is one of those officers, and therefore he may be appointed. And the same reasoning might be used in relation to the welfare of the State and the necessity of maintaining and vindicating the supremacy of the law. *Id.* at 415. On the other hand, where effective administration of justice is not jeopardized, we have refused to extend the inherent power of a court to appoint a prosecutor. *See Seaton v. Polk County*, 59 Iowa 626, 628, 13 N.W. 725, 726 (1882) (no inherent power to appoint prosecutors when county attorney not absent). Nevertheless, we have repeatedly recognized that our courts possess inherent power to appoint special prosecutors. *See State v. Brandt*, 253 N.W.2d 253, 262 (Iowa 1977).

Notwithstanding this well-established court authority to appoint special prosecutors, our legislature amended Iowa Code section 331.754(1) in 2000 to grant the power of appointment of a special prosecutor in the absence, sickness, or disability of the regular prosecutor to the county board of supervisors. *See* 2000 Iowa Acts ch. 1057, § 2 (codified at Iowa Code § 331.754(1) (2001)). The statute, which became effective on July 1, 2000, now provides, in relevant part:

> In case of absence, sickness, or disability of the county attorney and the assistant county attorneys, the board of supervisors may appoint an attorney to act as county attorney.

Iowa Code § 331.754(1) (2001).

Hoegh asserts this amendment not only transferred the authority to appoint a spe-

cial prosecutor from the district court to the county board of supervisors, it also abrogated the inherent authority of the court because the authority given to the board makes it unnecessary for the court to take action out of the need to administer justice. The State argues the amendment did not divest courts of their inherent powers in this area of law, and points out that there may be a variety of circumstances not within the statutory authority of the board of supervisors which would require the court to exercise its inherent powers.

It is fundamental to our system of government that the authority for courts to act is conferred by the constitution or by statute. Yet, it is equally fundamental that in addition to these delegated powers, courts also possess broad powers to do whatever is reasonably necessary to discharge their traditional responsibilities. *Webster County Bd. of Supervisors v. Flattery*, 268 N.W.2d 869, 874 (Iowa 1978). This type of judicial authority is known as inherent power, and it is derived from the separation of powers between the three branches of government, as well as limited by it. *See People v. Zapotocky*, 869 P.2d 1234, 1243–44 (Colo.1994); *Webster County Bd. of Supervisors*, 268 N.W.2d at 874; *Konrad v. Jefferson Parish Council*, 520 So.2d 393, 397 (La.1988); *In re Alamance County Ct. Facilities*, 329 N.C. 84, 93–94, 405 S.E.2d 125, 129 (1991). Inherent powers are necessary for courts to properly function as a separate branch of government, but cannot be used to offend the doctrine of separation of powers by usurping authority delegated to another branch of government. *See Superior Ct. v. County of Mendocino*, 13 Cal.4th 45, 57–59, 51 Cal.Rptr.2d 837, 845, 913 P.2d 1046, 1054–55 (1996); *Lavelle v. Koch*, 532 Pa. 631, 635, 617 A.2d 319, 321 (1992); *see also*

*Carlisle v. United States,* 517 U.S. 416, 426, 116 S.Ct. 1460, 1466, 134 L.Ed.2d 613, 624 (1996) (courts cannot invoke inherent powers to circumvent or disregard constitutional or statutory procedures). Thus, principles of deference accompany the use of inherent powers and impose restraints on courts to limit the exercise of the powers as a necessary "response to the problems and needs that provoke it." *Degen v. United States,* 517 U.S. 820, 823–24, 116 S.Ct. 1777, 1781, 135 L.Ed.2d 102, 108 (1996).

■ We have recognized that some inherent powers may be controlled or restricted by statute. *See Harding v. McCullough,* 236 Iowa 556, 558, 19 N.W.2d 613, 616 (1945). Some inherent powers may even be overridden by statute. *See Carlisle,* 517 U.S. at 426, 116 S.Ct. at 1466, 134 L.Ed.2d at 624. Other inherent powers may be so fundamental to the operation of a court that any attempt by the legislature to restrict or divest the court of the power could violate the separation of powers doctrine. *Gray v. Comm'r of Revenue,* 422 Mass. 666, 672, 665 N.E.2d 17, 22 (1996).

■ In determining the balance of power between our branches of government, it is important to understand that the separation of powers doctrine does not have rigid boundaries. *People v. P.H.,* 145 Ill.2d 209, 222–23, 164 Ill.Dec. 137, 143, 582 N.E.2d 700, 706 (1991). Instead, some acts can be properly entrusted to more than one branch of government, and some functions inevitably intersect. *See id.; Brach v. Chief Justice of Dist. Ct. Dep't,* 386 Mass. 528, 537–38, 437 N.E.2d 164, 170 (1982) (court facilities may be maintained by either executive branch or judicial branch). When this occurs, "harmonious

cooperation among the three branches of government [becomes] fundamental to our system of government." *Webster County Bd. of Supervisors,* 268 N.W.2d at 874.

The inherent power of the courts to appoint a special prosecutor is not derived so much from the exclusivity of the duty, but the general need for the criminal justice system to function. *See id.* However, the prosecutorial function of a criminal case is historically within the province of the executive branch. *See United States v. Jacobo–Zavala,* 241 F.3d 1009, 1012 (8th Cir.2001); *see also State v. Hager,* 630 N.W.2d 828, 834 (Iowa 2001). Moreover, the legislative branch maintains a strong interest in the appointment of prosecutors for a variety of reasons, including the need to appropriate funds to compensate prosecutors. *See Webster County Bd. of Supervisors,* 268 N.W.2d at 874–75. Thus, the interest in the appointment of a special prosecutor in a criminal case is shared by all branches of government, and the legislative intervention into the area by delegating authority to the county board of supervisors does not necessarily offend the separation of powers. The question is whether the inherent power of the court survives the statutory amendment.

■ A statute will not abrogate an inherent power of the court absent clear legislative intent. *See Link v. Wabash R.R.,* 370 U.S. 626, 631–32, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, 739 (1962). A careful review of the amended statute in this case fails to reveal any legislative intent to abrogate the court's inherent power to appoint special prosecutors. When the legislature originally codified the power of the court to appoint a special prosecutor, it specifically limited the power to cases involving the "absence, sickness, or disability" of the county attorney. Thus, the

authority granted under the statute only applied to certain circumstances. Inherent powers of a court, on the other hand, extend to a full range of circumstances. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27, 46 (1991). Even with a grant of statutory power, "inherent power[s] ... continue to exist to fill in the interstices." *Id.* Although the legislature may recognize inherent powers in a statute, those powers exist independent of the statute. *Gray*, 422 Mass. at 672, 665 N.E.2d at 22; *see Brandt*, 253 N.W.2d at 262 (inherent power of court to appoint special prosecutor independent of statute). Thus, our courts maintained their inherent power to appoint special prosecutors after our legislature originally enacted its statute recognizing the power.

The recent amendment to section 331.754 merely transferred the statutory power of appointment of a prosecutor to the board of supervisors. A power our legislature recognized for over 100 years as belonging to the courts was given to the legislative branch of government. *See Webster County Bd. of Supervisors*, 268 N.W.2d at 876 ("county board of supervisors is the legislative body in the county and exercises legislative powers delegated to it by the state legislature"). Yet, the legislature did not grant authority to the board of supervisors to appoint a special prosecutor under the broad standard of necessity which guides courts in the exercise of their inherent power. Thus, the same inherent power which continued to exist after the enactment of the 1888 statute also continues to exist after the 2000 amendment to that statute. The designation of the board of supervisors to appoint special prosecutors under special circumstances did not, by negative implication, mean the inherent power of courts to appoint special prosecutors was abrogated.

*See Link*, 370 U.S. at 630, 82 S.Ct. at 1388–89, 8 L.Ed.2d at 738.

 Even though courts continue to possess the inherent authority to appoint special prosecutors, the legislative grant of appointment authority to the board of supervisors clearly acts to restrict or limit the exercise of the courts' inherent power. *See Harding*, 236 Iowa at 558, 19 N.W.2d at 616. Now that some appointment authority lies in the hands of the board of supervisors, it would generally be unnecessary for the court to exercise its inherent power under the circumstances enumerated in the statute. *See Polk County Conference Bd. v. Sarcone*, 516 N.W.2d 817, 821 (Iowa 1994) ("disability" under section 331.754(1) includes a conflict of interest by the county attorney). Courts can only exercise inherent authority out of genuine necessity, not merely theoretical circumstances. *Lavelle*, 532 Pa. at 636, 617 A.2d at 321.

 We confirm the inherent power of district courts to appoint special prosecutors when necessary for the administration of justice. At the same time, however, we recognize that our legislature has limited this inherent power by amending section 331.754(1). In this case, the record fails to reveal any necessity for the court to exercise its power. *See Webster County Bd. of Supervisors*, 268 N.W.2d at 876–77 (courts should develop a record to support exercise of inherent powers). There was no showing in this case that the authority granted to the board of supervisors under section 331.754(1) was insufficient, making it necessary for the court to act in order to carry out its essential duties.

## V. Conclusion.

We conclude the district court has the inherent authority to appoint a special

prosecutor when necessary for the administration of justice. However, the State failed to demonstrate the necessity of the court's intervention in this case. We affirm the ruling of the district court.

**AFFIRMED.** .

SNELL, S.J.* participates in lieu of STREIT, J., who takes no part.

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2001).