# IN THE COURT OF APPEALS OF IOWA

No. 15-0637
Filed July 27, 2016


**RAMON L. OSTHUS,**
       Plaintiff-Appellant,

**vs.**

**RICHARD D. RUSSELL and**
**JULIA M. RUSSELL,**
       Defendants-Appellees.
_____


Appeal from the Iowa District Court for Marshall County, Michael J. Moon
(default judgment) and Stephen J. Oeth (damages hearing), Judges.


Plaintiff appeals an exercise of inherent judicial power that set aside
damages previously awarded by default. **REVERSED AND REMANDED.**



J. Campbell Helton and Van T. Everett of Whitfield & Eddy, P.L.C., Des
Moines, for appellant.

Gail E. Boliver of Boliver Law Firm, Marshalltown, for appellees.



Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Ramon Osthus filed suit against Richard and Julia Russell alleging the Russells' dog bit him causing injuries. A default judgment was entered in favor of Osthus and against the Russells in April 2013. Based on an affidavit signed by Osthus, the court awarded judgment for medical bills and pain and suffering as requested by Osthus. Four months later, the Russells moved to vacate the default judgment alleging irregularity or fraud. *See* Iowa R. Civ. P. 1.1012(2). After a hearing, the district court found no irregularity or fraud in the grant of the default judgment, but concluded it was

> troubled by the fact that judgment was entered for $15,000 for pain and suffering without a hearing. An award of pain and suffering is fact specific and requires, at a minimum, presentation of a factual basis upon which an award may be made, if any. The court has inherent power to correct its own judgments and elects to do so in this case.

The court ordered the default judgment previously entered "shall not be disturbed," but then set aside the pain and suffering award and ordered a hearing on that portion of the award of damages. After a further hearing on damages, the district court denied all damages for pain and suffering. Osthus appealed the order setting aside the earlier award of pain and suffering and the subsequent denial of all damages for pain and suffering.

We review an order on a motion to vacate the district court's judgment for correction of errors at law. *State ex rel. Goettsch v. Diacide Distribs., Inc.*, 596 N.W.2d 532, 537 (Iowa 1999). The district court enjoys wide discretion whether to vacate under rule 1.1012, and we will not reverse unless an abuse of

discretion has been shown. *In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997).

The motion in this case alleged irregularity or fraud. If the court found irregularity or fraud, the rule provides it "may correct, vacate or modify a final judgment or order, or grant a new trial." Iowa R. Civ. P. 1.1012. The district court found neither and ordered the default judgment "shall not be disturbed." As such the motion was overruled, but the court proceeded to grant relief by vacating the previously awarded pain and suffering damages and ordering a hearing to determine a factual basis for those damages.[1] Because the motion was overruled, the court had no authority under the rule to grant relief on the motion.

Although the district court did not cite to rule 1.973(2), we presume that is the rule it invoked when it decided to require a hearing on the pain and suffering damages. "The court may, and on demand of any party not in default shall, either hear any evidence or accounting required to warrant the judgment or refer it to a master; or submit it to a jury if proper demand has been made therefor under rule 1.902." Iowa R. Civ. P. 1.973(2). Pursuant to that rule, prior to entry of judgment on default, and in the absence of a demand for hearing, the court *may* hear evidence, but is clearly not required to do so. The problem here, of course, is that the district court had already decided in the default proceedings to award pain and suffering damages without a hearing, presumably relying on Osthus's affidavit and representations of counsel. The question then is whether

---

[1] We note the same district court judge awarded the default damages, then ordered them set aside and required a hearing.

the district court had the authority—or "inherent power"—to set aside the pain and suffering damages and require the hearing it could have earlier required under rule 1.973(2). Put another way, did the district court have the authority to order a do-over four months after entry of a final default judgment that had not been set aside?

Inherent power is a type of judicial authority derived from the separation of powers between the three branches of government. *State v. Hoegh*, 632 N.W.2d 885, 888 (Iowa 2001). It is fundamental to the powers delegated by the constitution or by statute that the "courts also possess broad powers to do whatever is reasonably necessary to discharge their traditional responsibilities." *Id.* Setting aside or vacating a final money judgment, entered by default or otherwise, without a rule, statute, or case law authorizing such action, is not the type of exercise of authority that has ever been recognized in Iowa as an inherent power.[2]

---

[2] In *In re Marriage of Thatcher*, our supreme court noted "this inherent authority" and numerous cases in which it has been exercised:

> *See, e.g.*, *State v. Iowa Dist. Ct.*, 750 N.W.2d 531, 534 (Iowa 2008) ("Of course, when a court is acting within its jurisdiction it always has the inherent authority to do what is reasonably necessary for the administration of justice in a case before the court."); *In re K.N.*, 625 N.W.2d 731, 734 (Iowa 2001) (acknowledging district courts' "authority to ensure the orderly, efficient, and fair administration of justice"); *Johnson v. Miller*, 270 N.W.2d 624, 626 (Iowa 1978) (recognizing district courts' authority "to adopt rules for the management of cases on their dockets"); *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 569–70 (Iowa 1976) (recognizing district courts' "inherent common-law power" to promulgate a local rule of criminal procedure); *Peters v. Peters*, 86 N.W.2d 206, 209 (Iowa 1957) ("In Iowa separate maintenance has not been a statutory remedy, and authority to grant that relief has been based upon the inherent power of courts of equity."); *Hardenbergh v. Both*, 73 N.W.2d 103, 106 (Iowa 1955) ("[The] enforcement [of discovery] was an original and inherent power of a court of equity."); *Brooks v. Paulson*, 291 N.W. 144, 145 (Iowa 1940) ("It is so well recognized that a court of Equity has the inherent power, in its discretion, to consolidate causes pending

"Finality of solemn adjudications of the courts requires that they be not set aside lightly or except for cogent reasons." *City of Chariton v. J.C. Blunk Constr. Co.*, 112 N.W.2d 829, 835 (Iowa 1962). "There is a compelling interest in the finality of judgments which should not lightly be disregarded. Finality of litigation is essential so that parties may rely on judgments in ordering their private affairs and so that the moral force of court judgments will not be undermined." 46 Am. Jur. 2d Judgments § 174 (footnote omitted); *see also In re M.T.*, 714 N.W.2d 278, 282 (Iowa 2006).

Finding no authority for the district court to have set aside the final money judgment entered in April 2013, we determine the court made an error at law, and thus abused its discretion. We reverse the district court and remand for entry of an order reinstating the money judgment as provided in the default judgment entered in April 2013.

**REVERSED AND REMANDED.**

---

therein for the purpose of avoiding a multiplicity of suits, that citations are hardly necessary."); *In re Marriage of Ihle*, 577 N.W.2d 64, 67 (Iowa Ct. App. 1998) (recognizing inherent authority of trial judge to impose reasonable time limits on trial).
864 N.W.2d 533, 547 (Iowa 2015) (Zager, J., concurring) (alterations in original).