# IN THE COURT OF APPEALS OF IOWA

No. 16-0478
Filed November 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**PAUL ANTHONY SPURGIN,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Monroe County, Joel D. Yates, Judge.

The State appeals the district court's dismissal of the trial information with prejudice. **AFFIRMED.**

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellant.

Steven Gardner of Denefe, Gardner & Zingg, P.C., Ottumwa, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

We must decide whether the district court abused its discretion and erred in dismissing a trial information with prejudice.

## I.    Background Proceedings

The State filed complaints against Paul Spurgin accusing him of committing several crimes in Monroe County.  The Monroe County Attorney moved to disqualify himself because he had represented Spurgin in civil matters, was representing Spurgin's father in "present pending matters," and had represented Spurgin's brother in "the recent past."  The district court granted the motion and "disqualified [the Monroe County Attorney] from prosecuting the above-captioned cases."  The court appointed the Lucas County Attorney to prosecute the charges.

The disqualified Monroe County Attorney notified the court that the Lucas County Attorney would not be able to assist in the matter.  He sought the appointment of the Appanoose County Attorney.  Before the court issued a ruling, the disqualified Monroe County Attorney filed a trial information charging Spurgin with five offenses.  Spurgin moved to dismiss the trial information "with prejudice."[1]  He cited the county attorney's disqualification and asserted the trial information was not filed "in the manner required by law in violation of Iowa Rule of Criminal Procedure 2.11(6)(c)(2)."  Meanwhile, the district court appointed someone else to prosecute the charges.  Following a hearing on Spurgin's

---

[1] The county attorney subsequently filed a motion to amend the trial information to add a sixth count.  The district court approved the amendment, but the motion to dismiss and the court's ruling on the motion only address the five counts in the original trial information.

motion, the district court dismissed all counts in the original trial information with prejudice. The district court stated:

> Pursuant to Iowa Rule of Criminal procedure 2.33(1), Counts II, IV, and V are dismissed, as they are serious misdemeanors. Specifically, the Court finds the Monroe County Attorney did not have the authority or the capacity to act when he filed the trial information on December 18, 2015. Counts II, IV, and V are hereby dismissed with prejudice, those counts being serious misdemeanors.
> The Court further finds that good cause in this particular case does not exist for the State to file a trial information beyond the forty-five days, and Counts I and III are hereby dismissed. Accordingly, Counts I and III are hereby dismissed with prejudice, given that no good cause exists

The State appealed.

## II. Dismissal with Prejudice

The State "does not contest the conclusion that 'the Monroe County Attorney did not have the authority or the capacity to act' regarding this case." The State also concedes dismissal of the trial information without prejudice would have been appropriate. However, in the State's view, "the Iowa Rules of Criminal Procedure do not authorize the district court to dismiss a trial information with prejudice." The argument goes as follows: the district court's dismissal ruling was in fact based on rule 2.11[2] rather than rule 2.33[3] and rule 2.11 requires

---

[2] Iowa Rule of Criminal Procedure 2.11(6) authorizes dismissal of an indictment or information "[i]f it appears from the indictment or information and the minutes of evidence that the particulars stated do not constitute the offense charged in the indictment or information, or that the defendant did not commit that offense or that a prosecution for that offense is barred by the statute of limitations." The rule further states,
> (c) A motion to dismiss the information may be made on one or more of the following grounds:
> > (1) When the minutes of evidence have not been filed with the information.
> > (2) When the information has not been filed in the manner required by law.

dismissal without prejudice, allowing the State to refile the charges. Alternatively, the State contends that, if the court did indeed rely on rule 2.33, the court abused its discretion because the State was not afforded notice of this rule and, in any event, the language of the rule was inapplicable.

The State's assertion that the district court's dismissal was really a dismissal under rule 2.11 is easily resolved. The district court cited rule 2.33(1) in dismissing the misdemeanor counts and applied the language of Rule 2.33(2)(a) in dismissing the felony counts. Accordingly, we conclude the court's dismissal was not under rule 2.11 but under rule 2.33, and we need not address the State's argument that rule 2.11 requires a dismissal without prejudice.

We turn to the State's assertion that it lacked notice of the court's intent to rely on rule 2.33. Although Spurgin cited rule 2.11 in his motion to dismiss, he did not exclusively rely on the terms of that rule in seeking dismissal. At the

---

(3) When the information has not been approved as required
under rule 2.5(4).
Iowa R. Crim. P. 2.11(6).

[3] Rule 2.33 provides in pertinent part:

(1) *Dismissal generally; effect.* The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, the reasons therefor being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

(2) *Speedy trial.* It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this rule may be made by the prosecuting attorney or the defendant or by the court on its own motion.

a. When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

hearing on the motion, he also cited rule 2.33(2)(a) setting forth the forty-five day speedy indictment deadline. From the outset, the State was placed on notice that Spurgin intended to seek a dismissal with prejudice. Specifically, Spurgin's motion requested, "That upon hearing, the Court should determine that the Trial Information in the above matter should be dismissed with prejudice." At the hearing on the motion, Spurgin's attorney forcefully argued for a dismissal with prejudice, as follows:

> This is a situation where the prosecutor intentionally disregarded a Court order and obtained an approval on the trial information mere days before the running of the forty-five day[] [speedy indictment deadline]. It is our position that that main difference, not negligent but intentional, and not asking the Court for some sort of authority with the defense opportunity to be heard on that issue, requires that the Court dismiss the trial information with prejudice.

We conclude the State had notice of the potential for dismissal under rule 2.33 and of the potential for dismissal with prejudice. We turn to the merits of the court's ruling.

As noted, the court dismissed the misdemeanor counts of the trial information under rule 2.33(1). The district court reasoned, "once an order is entered saying you're disqualified, it means what is says: You're disqualified." This ruling does not evince an abuse of discretion. *See State v. Brumage*, 435 N.W.2d 337, 341 (Iowa 1989) (setting forth the standard of review under rule 2.33(1)). The rule explicitly authorizes action on the court's own motion. Additionally, the "in the furtherance of justice" language is broad enough to encompass dismissal based on the conceded disqualification of the filing attorney. Finally, the rule mandates dismissal with prejudice.

In dismissing the two felony counts, the district court cited the language of rule 2.33(2)(a)—the speedy indictment rule. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012) (stating rule requires "dismissal if an indictment is not found within forty-five days of arrest unless good cause for the failure is shown" and "[a] dismissal for failure to provide a speedy trial is an 'absolute dismissal, a discharge with prejudice, prohibiting reinstatement or refiling of an information or indictment charging the same offense.'" (citation omitted)). We discern no error in this ruling. *See State v. Tarbox*, 739 N.W.2d 850, 852 (Iowa 2007) (setting forth standard of review). As Spurgin states, "The Trial Information filed on December 18, 2015, was void and lacked legal effect because [the county attorney] did not have the authority to file the Trial Information."

In summary, we conclude (A) the court's ruling was made under the auspices of rule 2.33 rather than 2.11, (B) the State had notice of the potential applicability of rule 2.33, (C) Spurgin sought dismissal with prejudice from the outset, (D) the district court had authority to dismiss the misdemeanor counts "upon its own motion" under rule 2.33(1), (E) the prosecutor's disqualification from prosecuting the case was grounds for dismissal of the misdemeanor counts "in furtherance of justice" under rule 2.33(1), and (F) the court had authority to dismiss the felony counts with prejudice for violation of the speedy indictment deadline under rule 2.33(2)(a), again because the prosecutor lacked authority to file the trial information. We affirm the district court's dismissal of the trial information with prejudice.

**AFFIRMED.**

McDonald, J., concurs; Vogel, P.J., dissents.

**VOGEL, Presiding Judge.** (dissenting)

The State claims the district court erred in dismissing counts II, IV, and V with prejudice under rule 2.33(1) and counts I and III with prejudice under rule 2.33(2)(a). The State does not dispute the Monroe County Attorney lacked authority or capacity to act in this case but asserts the dismissal should have been under rule 2.11(6)(c)(2), as Spurgin sought, rather than rule 2.33(1) or rule 2.33(2), which the court determined sua sponte. According to the State, dismissal under rule 2.11(6)(c)(2) would have been without prejudice and afforded the State twenty days to refile the trial information under rule 2.11(7). I agree and, therefore, respectfully dissent.

Spurgin did not raise rule 2.33(1) or (2) as a basis for dismissal in his motion to dismiss; neither of the rules appear in any of the filings leading up to the hearing on the motion to dismiss, nor were these rules discussed in detail during the hearing. When the district court is "considering dismissal of the charges in the furtherance of justice [under rule 2.33(1)], fair notice of its intention to do so should [be] given to the parties and a full hearing held to permit them to argue the merits of dismissal or trial of the remaining charges." *State v. Brumage*, 435 N.W.2d 337, 340 (Iowa 1989) (quoting *State v. Lundeen*, 297 N.W.2d 232, 235 (Iowa Ct. App. 1980)).

The majority contends the State was on notice because Spurgin's motion to dismiss sought dismissal with prejudice. I disagree for two reasons. First, Spurgin did not specifically mention rule 2.33(1) nor did he discuss the specific findings necessary to support a dismissal under rule 2.33(1) in his motion or at

the hearing.[4]  *See State v. Fisher*, 351 N.W.2d 798, 801 (Iowa 1984) (providing that dismissals under rule 2.33(1) must be in furtherance of justice); *Lundeen*, 297 N.W.2d at 235–36 (providing when a dismissal is in furtherance of justice, "findings should be keyed to the specifics of each case").  Second, the State's notice of a potential dismissal under rule 2.33(1) could not be tied to Spurgin's motion or the hearing on his motion because Spurgin was *the defendant*.  *See Fisher*, 351 N.W.2d at 801 (providing rule 2.33(1) may only be invoked by the court sua sponte or the prosecution).  Assuming the State was aware rule 2.33(1) could not be invoked by a defendant, it could not have anticipated it was required to argue the merits of such a dismissal in response to Spurgin's motion.  Here, the district court failed to give the State notice it was considering dismissing the charges under rule 2.33.  *See Brumage*, 435 N.W.2d at 340.  It is unclear why the district court ultimately decided the motion under rule 2.33, rather than what was pled—rule 2.11(6)(c)(2).  However, failure to do so without notice is error. *See id.*

Further, as to counts II, IV and V, rule 2.33(1) provides: "The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution."  "Two features of the rule are apparent: (1) it may only be invoked by the court on its own motion or by the prosecuting attorney; it is not available to a defendant; and

---

[4] To be clear, Spurgin did briefly mention rule 2.33 when discussing the dismissal of counts I and III on speedy indictment grounds at the hearing.  However, Spurgin was presumably referring to the portion of 2.33 which governs speedy indictment claims—2.33(2)(a)—not 2.33(1).

(2) the only ground for dismissal under this rule is 'furtherance of justice.'" *Fisher*, 351 N.W.2d at 801.

Both features of the rule are absent here. The dismissal resulted from a motion filed under rule 2.11(6)(c)(2) by the defendant, Spurgin. Hence, even with proper notice, Spurgin could not have sought dismissal of these counts under rule 2.33(1). It is also unclear how this dismissal was "in furtherance of justice." "We have said that 'furtherance of justice' under rule [2.33(1)] includes 'facilitating the State in gathering evidence, procuring witnesses, or plea bargaining.'" *Id.* (citation omitted). Our supreme court has also approved consideration of several factors when a trial court is considering a dismissal in furtherance of justice:

> (1) weight of the evidence of guilt or innocence; (2) nature of the crime involved; (3) whether defendant is or has been incarcerated awaiting trial; (4) whether defendant has been sentenced in a related or similar case; (5) length of such incarceration; (6) possibility of harassment; (7) likelihood of new or additional evidence at trial; (8) effect on the protection to society in case the defendant should actually be guilty; (9) probability of greater incarceration upon conviction of another offense; (10) defendant's prior record; (11) the purpose and effect of further punishment; and (12) any prejudice resulting to defendant by the passage of time.

*Brumage*, 435 N.W.2d at 341 (citation omitted). The district court did not cite any of these factors when it dismissed counts II, IV, and V, and I do not belive any of them apply.

As to counts I and III, the majority agrees with Spurgin that the trial information was void and the speedy indictment rule (2.33(2)(a)) required dismissal. I disagree that the Monroe County Attorney's disqualification rendered the trial information void and would instead conclude it was not filed in the

manner required by law and should have been dismissed, as to all counts, under rule 2.11(6)(c)(2). The State does not contest dismissal would have been proper under rule 2.11(6)(c)(2). "[A]n information filed by an unauthorized person is subject to dismissal." *State v. Hoegh*, 632 N.W.2d 885, 887 (Iowa 2001). The Monroe County Attorney was not authorized to file the trial information after he had been disqualified. Therefore, the trial information had not been filed in a manner proscribed by law and should have been dismissed under rule 2.11(6)(c)(2). However, dismissal under rule 2.11(6) does not prevent the State from filing a new trial information. *Id.* at 887 n.1. Indeed, rule 2.11(7) allows the State twenty days to file a new trial information following a dismissal under rule 2.11(6). Accordingly, all the charges here should have been dismissed without prejudice under rule 2.11(6)(c)(2), and the State should have been allowed twenty days to file a new trial information. *See id.*

Because the district court did not give the State notice it was considering dismissing the charges under rule 2.33(1), because the dismissal was based on a motion raised by the defendant, because the dismissal was not "in furtherance of justice," and because the dismissal should have been under rule 2.11(6)(c)(2), I would find the dismissal of counts II, IV, and V under rule 2.33(1) and I and III under rule 2.33(2) must be reversed. Therefore, I respectfully dissent.