# IN THE COURT OF APPEALS OF IOWA

No. 24-1404
Filed October 29, 2025

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAMES EARL CALVIN JR.,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Washington County, Crystal S. Cronk (motion to dismiss) and Shawn Showers (trial and sentencing), Judges.

　　　　A criminal defendant appeals from his convictions, judgment, and sentences for possession of methamphetamine, failure to affix a drug tax stamp, and operating while intoxicated. **DISTRICT COURT JUDGMENT CONDITIONALLY AFFIRMED; REMANDED WITH INSTRUCTIONS.**

　　　　Martha J. Lucey, State Appellate Defender, and Melinda J. Nye (argued), Assistant Appellate Defender, for appellant.

　　　　Brenna Bird, Attorney General, and Katherine Wenman (argued), Assistant Attorney General, for appellee.

　　　　Heard at oral argument by Tabor, C.J., and Badding and Sandy, JJ.

**PER CURIAM.**

James Calvin Jr. appeals from his convictions, judgment, and sentences for possession of methamphetamine, failure to affix a drug tax stamp, and operating while intoxicated. Calvin asserts the district court should have dismissed his case on speedy trial grounds, the district court applied the wrong standard when assessing his motion for new trial, and the court imposed the fines in effect at the time of sentencing rather than those in effect at the time of the offense. Since Calvin waived his right to a speedy trial we affirm the district court's ruling on Calvin's motion to dismiss. But we remand to the district court for entry of a ruling on Calvin's motion for new trial applying the proper weight-of-the-evidence standard. And conditioned on the district court's ruling on the motion for new trial, we also remand for resentencing consistent with this opinion.

## I. Background Facts and Procedural Posture

In April 2020 law enforcement in Washington County stopped Calvin on suspicion of operating while intoxicated. Officers detected the odor of alcohol and marijuana, observed watery and bloodshot eyes, and administered field sobriety tests. Calvin showed signs of impairment in two out of three tests. He admitted to consuming ecstasy and stated he was too impaired to drive. A canister was found on the passenger-side floorboard containing marijuana and pills. Calvin initially identified the pills as ecstasy, but laboratory testing confirmed they contained methamphetamine. The pills were not affixed with a drug tax stamp.

In September, the State charged Calvin with possession with intent to deliver methamphetamine, possession with intent to deliver marijuana, failure to affix a drug tax stamp, and operating while intoxicated. Calvin filed a written

arraignment and plea of not guilty in October. In January 2021, Calvin executed a written waiver of his right to be tried within ninety days.

In May, while on pretrial release, Calvin could not be located, and a violation report was filed. A bench warrant was issued on May 19. Calvin remained absent for nearly three years until his arrest on March 4, 2024. He was then transported to Washington County. There, he appeared before the district court, and counsel was re-appointed. A pretrial conference was set for April, and trial was scheduled for May.

Before trial, Calvin filed motions to dismiss alleging violations of his speedy-trial rights. His counsel also moved to withdraw, resulting in a hearing being rescheduled to June 12. At that hearing, the district court denied Calvin's motion to dismiss, concluding that his prior waiver of the ninety-day right remained in effect and that the delay was attributable to his abscondence. The court also granted the State's motion for good cause to exceed the one-year deadline. Calvin renewed his motion to dismiss on the first day of trial, but the district court again denied the request.

Trial commenced in June 2024. The court granted Calvin's motion for directed verdict on the marijuana charge. The jury found him guilty of possession of methamphetamine (a lesser-included offense of possession with intent to deliver) (count I), failure to affix a drug tax stamp (count III), and operating while intoxicated (count IV).

Calvin filed a motion for new trial, challenging both sufficiency and weight of the evidence. The district court denied the motion finding the verdicts were not contrary to the weight of the evidence. That same day, the court entered judgment

and sentence.  Calvin received concurrent 215-day jail terms on the misdemeanor convictions, a suspended five-year indeterminate sentence on the felony count with three years' probation, and fines on the misdemeanor counts, with the felony fine suspended.

Calvin filed a timely notice of appeal challenging the denial of his motions to dismiss, the denial of his motion for new trial, and the fines imposed.

## II.  Standard of Review

We review the district court's speedy-trial rulings for correction of legal error. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).  But we review the "district court's determination whether the State carried its burden to show good cause for the delay for abuse of discretion."  *Id*.

New trials are only granted in "exceptional circumstances."  *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016).  "[W]e review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law."  *Id.* at 706.

## III. Analysis

### A.  Ninety-Day Speedy Trial

The 90-day deadline for the initiation of a criminal trial is based on the day a defendant is indicted.  Iowa R. Crim. P. 2.33(2)(b) ("The defendant must be brought to trial within 90 days after indictment . . . .").  "Under [the speedy-trial] rule, a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument 'unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or

(3) "good cause" for the delay.'"  *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005) (citation omitted).

Although it is uncontested that Calvin waived his speedy-trial right, he asserts that because *State v. Treptow* requires a resetting of the speedy-trial deadline following his arrest, he had to be brought to trial within ninety days from the date of his arrest.  *See* No. 15-1357, 2016 WL 3275930 (Iowa Ct. App. June 15, 2016).  And because that did not happen, Calvin argues that the State violated his right to speedy trial.  We are unpersuaded.

Indeed, in *Treptow*, our court held that the speedy-trial deadline reset after a defendant absconded and was rearrested.  *Id.* at *2 ("We determine the five-year absence caused by Treptow's failure to appear at his court proceedings requires a new speedy-trial deadline that commenced on the date of his initial appearance following his arrest for failure to appear.").  However, Treptow had not waived his right to a speedy trial.  Thus, the State was required to prove either good cause for the delay or that the delay was attributable to Treptow.  Here, Calvin engages in a good-cause analysis, arguing the speedy-trial deadline reset following his "extended absence from jurisdiction."  But regardless of whether the speedy-trial deadline reset following Calvin's abscondence, *Treptow* is not informative as to the threshold question before us: whether Calvin rescinded his speedy-trial waiver by absconding for nearly three years.  We think not.

A defendant's waiver of his right to speedy trial is in effect until he rescinds such waiver—at which time the clock resets and begins to tick again.  *See State v. Hamilton*, 309 N.W.2d 471, 475–76 (Iowa 1981) ("[W]hen a waiver of the right to a speedy trial is withdrawn, the defendant must be tried within ninety days from

the date of withdrawal unless good cause to the contrary be shown."). Calvin provides no authority for the proposition that a defendant's extended evasion of justice triggers an automatic rescindment of his speedy-trial waiver upon being re-apprehended. And following his arrest in March 2024, Calvin did not affirmatively rescind his waiver of his right to be tried within ninety days until June 12, 2024. He was then tried on June 18, 2024. Since the speedy-trial deadline did not reset until June 12, *see State v. Fisher*, 351 N.W.2d 798, 802 (Iowa 1984) (recognizing "a rule that the ninety-day period began to run from the date a defendant withdraws his waiver of speedy trial"), Calvin's speedy-trial right was upheld.

### B. Weight-of-the-Evidence Standard

Calvin contends that the district court improperly used the sufficient-evidence standard instead of the weight-of-the-evidence standard when considering his motion for new trial. As an initial matter, the State contests error preservation by arguing Calvin did not raise the issue to the district court. It is a fundamental part of our error-preservation doctrine that, to preserve error on an issue, a party must raise the issue and obtain a ruling on it from the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

It is true that Calvin did not alert the district court to its use of the incorrect standard or request that the district court revise its ruling to apply the correct standard. But we do not believe he was required to do so. This "nagging question" has dogged our court for some time. *State v. Rethwisch*, No. 22-0530, 2023 WL 5607147, at *9 (Iowa Ct. App. Aug. 30, 2023) (Tabor, J., specially concurring). Yet we agree that "[t]he conflict is overstated" and that our differing holdings on the

issue "can be reconciled."[1]  *Id.*  We liken Calvin's appeal to that in *Rethwisch*, where similarly to *State v. Sallis*, No. 17-1842, 2019 WL 325019, at *4 (Iowa Ct. App. Jan. 23, 2019), "Rethwisch cited rule 2.24(2)(b)(6) in his motion for new trial; argued the correct standard in that motion, even citing caselaw; and urged the correct standard at the hearing."  2023 WL 5607147, at *9.  We agree that "[w]hen those conditions are met, neither our court nor the supreme court has required the defendant to take an extra step of calling out the district court's use of the wrong standard."  *Id.*  We thus address the issue on its merits.

Although the district court stated it was denying Calvin's motion for new trial because "the verdicts of guilty are not contrary to the weight of the evidence," it also stated in its bench ruling that it was following *State v. Ernst*, 954 N.W.2d 50, 57 (Iowa 2021), and "applying the standard on a motion for a new trial that does give the State the most favorable light."  But the portion of *Ernst* cited by the district court was setting forth the law on sufficiency of the evidence.  Further, consideration of evidence in the light most favorable to the State is the sufficient-evidence standard, not the weight-of-the-evidence standard.

Because the district court cited the incorrect standard in its ruling on Calvin's motion for new trial, we reverse the district court's ruling on the motion for new trial on the ground the verdicts were contrary to the weight of the evidence and remand for entry of an order applying the appropriate weight-of-the-evidence standard.

---

[1] We recognize that a derivation of this issue was raised in an appeal that is now before our supreme court on further review.  *See State v. Jackson*, No. 24-1112, 2025 WL 1704322 (Iowa Ct. App. June 18, 2025), *further rev. granted*, No. 24-1112 (Iowa Sept. 24, 2025).

### C. Fine

The district court assessed a $430 fine for count I, pursuant to Iowa Code section 903.1(1)(b) (2024), and a $1250 fine for count IV, pursuant to Iowa Code section 902.9(1)(e) (2024), asserting "[t]here is a minimum fine on these charges," and "[y]ou've got to pay that." However, the district court based the minimum fine off the 2024 code when Calvin was convicted under the 2020 code. The aforementioned code sections subjected violators to lower minimum fines in 2020. *See id.* §§ 903.1(1)(b), 902.9(1)(e) (2020). Calvin and the State agree, and we concur, that the minimum fines as defined in the 2020 code should have been assessed. The minimum fines for counts I and III, as defined in the 2020 code, are $315 and $1025, respectively. *See id.* Thus, conditioned on the district court's remand ruling on Calvin's motion for new trial, we remand to the district court for resentencing.

## IV. Conclusion

Since Calvin waived his right to a speedy trial we affirm the district court's ruling on Calvin's motion to dismiss. But we remand to the district court for entry of a ruling on Calvin's motion for new trial applying the proper weight-of-the-evidence standard. And conditioned on that ruling on the motion for new trial, we also remand for resentencing consistent with this opinion.

**DISTRICT COURT JUDGMENT CONDITIONALLY AFFIRMED; REMANDED WITH INSTRUCTIONS.**

Tabor, C.J., and Badding, J., concurs; Sandy, J., dissents in part and concurs in part.

**SANDY, Judge** (concurring in part and dissenting in part).

I write separately to depart from my colleagues in the majority in one respect. I would not reach the merits of Calvin's weight-of-the-evidence claim as it is a fundamental part of our error-preservation doctrine that, to preserve error on an issue, a party must raise the issue and obtain a ruling on it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

But Calvin did not challenge the district court's ruling on his motion for new trial prior to filing this appeal. For many years our court has not clarified the defendant's burden in scenarios where the district court applied the wrong weight-of-the-evidence standard. That ambiguity continued when our en banc court evenly split on the issue in *State v. Rethwisch*, No. 22-0530, 2023 WL 5607147, at *6 (Iowa Ct. App. Aug. 30, 2023). One side of that split wrote "that, going forward, a defendant will be required to bring the application of the incorrect standard to the [district] court's attention in order to preserve error." *Rethwisch*, 2023 WL 5607147, at *6. As I recently wrote in *State v. Jackson*, a defendant "needs to call [the district court's] oversight to the district court's attention in order to preserve error." *See* No. 24-1112, 2025 WL 1704322, at *2 (Iowa Ct. App. June 18, 2025).

Here, Calvin did not do so. Because Calvin failed to bring the district court's application of the incorrect standard to the district court's attention, I would hold that error is not preserved for our review on that issue, and I respectfully dissent from that part of the opinion. I join the majority opinion on all other issues.